## Gudgel v. Cook.

(Decided January 25, 1912.)

## Appeal from Shelby Circuit Court.

1. Contract With Real Estate Agent—Construction of.—A real estate agent had for sale a coal yard owned by M. C. the owner of a farm said to the agent "if you will sell my farm, I will buy the coal yard," nothing being said about commission for selling the farm; afterwards, the agent succeeded in selling C.'s farm to M. and C. bought the coal yard: Held, the agent was not entitled to recover commissions from C., as the only obligation that C. assumed was to buy the coal yard in the event the agent sold his farm, and this he did.

2. Same—Implied Contracts.—When the owner of property places it in the hands of an agent for sale, and through his agency it is sold, the law in the absence of an express contract will imply a promise upon the part of the owner of the property to pay the agent the usual compensation for such service.

3. Same—Agent for Both Parties.—The rule that it is against public policy to permit an agent who is acting for both parties to recover compensation against either, will not relieve a party from paying the usual compensation who places his property in the hands of the agent with full knowledge of the fact that he is at that time acting as the agent of the other party to whom the property is subsequently sold.

WILLIS & TODD for appellant.

P. J. BEARD, C. G. BARRICKMAN, GEO. L. PICKETT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Gudgel, is a real estate agent at Shelbyville. He had for sale a coal yard owned by McClure. Sometime after the coal yard had been placed in his hands for sale, he met the appellee, Cook, who owned a farm in Shelby County and tried to induce him to buy the coal yard. After discussing the matter on one or two occasions Cook finally said to him, "If you will sell my farm I will buy the coal yard." After this, Gudgel succeeded in making a trade between Cook and McClure, by which McClure purchased Cook's farm and Cook bought the coal yard. Gudgel, conceiving that he was entitled to receive from Cook the usual fee for selling real estate, upon the refusal of Cook to pay him any compensation, brought this suit. After the evidence of Gudgel had been heard, the trial judge being of the opin-

ion that the evidence was not sufficient to authorize a submission of the case to the jury directed a verdict for Cook and judgment was entered accordingly. The only question on this appeal is the correctness of the ruling of the trial judge in taking the case from the jury; and this depends, of course, upon whether or not there was any evidence in behalf of Gudgel entitling him to recover the compensation sued for. There was no written contract between Gudgel and Cook, nor was the subject of compensation mentioned in any of the talks that took place between them until after the trade had been completed between Cook and McClure, but that Gudgel succeeded in selling Cook's farm to McClure, as well as inducing Cook to buy McClure's coal yard, is not denied. Counsel for appellant, Gudgel, insists that the statement of Cook "if you will sell my farm I will buy the coal yard," taken in connection with the fact confessed on the record before us that Gudgel was instrumental in selling Cook's farm, was sufficient to authorize a verdict and judgment in favor of Gudgel for the amount of the usual commission charged by real estate agents for selling real estate, although there was no express agreement on the part of Cook to pay any commission. We attach little importance to the fact that there was no express agreement on the part of Cook to pay commission, as when the owner of property places it in the hands of an agent for sale, and through his agency a satisfactory sale is made, the law will imply a promise upon the part of the owner of the property to pay the agent the reasonable and usual compensation for such service. Jones & Co. v. Moore, 30 Ky. Law Rep., 603. Nor should Gudgel be denied the right to recover because he was acting as the agent of both Cook and McClure, as the evidence for Gudgel showed that Cook when he placed with him his farm for sale was fully advised of the fact that he also had for sale the coal yard of McClure. The rule that it would be against public policy to permit an agent or broker who is acting for both parties to recover compensation from either will not relieve a party from paying the usual compensation who places his property in the hands of the agent or broker for sale with full knowledge of the fact that he is at that time acting as the agent or broker of the other party to whom the property is subsequently sold. Lloyd v. Colston, 5 Bush, 587; Mullen v. Keetzleb, 7 Bush, 253; Leathers v. Canfield, 117 Mich., 277, 45 L. R. A., 33; McLure v. Luke, 154 Fed.

Rep., 647, 24 L. R. A., n. s., 659. With these questions out of the way, it only remains to consider whether or not the contract between Gudgel and Cook by which Cook agreed to buy the coal yard if Gudgel would sell the farm, created an obligation upon the part of Cook to pay the usual commission. The liability of Cook, if any, grows out of the fact that he told Gudgel that if he would sell his farm he would buy the coal yard, supplemented by the further fact that Gudgel did sell the farm. This statement on the part of Cook constitutes the whole contract between the parties, and by its terms and meaning their rights are to be determined. Gudgel had the coal yard for sale, and was looking for a purchaser. He met Cook, who said: "I will buy the coal yard if you will sell my farm." Under this contract, the only obligation that Cook assumed was to buy the coal yard in the event Gudgel sold his farm. It seems clear that Cook did not expect to be called on to pay any commission for selling his farm, nor did the contract between the parties contemplate that Cook would be charged commission. When Cook purchased the coal yard, he fulfilled the whole of the contract he engaged to perform. He did everything he agreed to do. The only obligation that Cook assumed to discharge in satisfaction of his part of the contract was to purchase the coal yard, and this he did. If under the contract between Cook and Gudgel, Gudgel had sold Cook's farm and Cook had refused to buy the coal yard, we have no doubt that Gudgel could have recovered his commission, upon the ground that as Cook had refused to perform his express contract he must yet respond upon the implied contract to pay the usual commission. In other words, Cook had the right to elect to satisfy his contract obligation by buying the coal yard or by paying the commission. He could not be required to do both. Having this view of the matter, it follows that the judgment of the lower court must be affirmed.