## McCulloch v. McCombs Producing & Refining Company.

(Decided May 17, 1921.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Frauds, Statute of—Real Property—Contract for Sale—Description.—Where a written offer for the sale of land described the land as "427 acres more or less, Lineville, Ala., dist. on A. B. & R. R.," the description was not sufficiently certain to take the case out of the statute of frauds.

2. Frauds, Statute of—Real Property—Contract for Sale—Description.—Where in an action to recover damages for the breach of a contract for the sale of real estate, the description of the land in the memorandum was not sufficient to take the case out of the

statute of frauds, the petition was not sufficient to show that the defect in the description was cured by a deed which the grantor tendered, even if that could be done, a question not decided, where the deed was not filed as an exhibit, and the petition did not give the description contained in the deed, but merely followed the description contained in the memorandum and then alleged that "he (plaintiff) forthwith executed in due form a deed of conveyance for said land to defendant."

BROWN, LOGAN & MYATT and BLAKEY HELM for appellant.

GRUBBS & GRUBBS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. W. McCulloch brought suit against the McCombs Producing & Refining Company to recover damages for the breach of a contract for the purchase of land. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The allegations of the petition are in substance as follows: On October 19, 1918, plaintiff made the following written offer to defendant:

"October 19, 1918.

"Sell you 427 acres more or less, Lineville, Ala. dist. on A. B. & R. R. for_____$37,500
Shares your stock, you to pay commission to W. H. Giltner and buy of stock_____ 7,000
Shares at $1.80 _____$12,600.00

_____

$44,500

as also provided in memoranda subject to repurchase at 100 per cent. profit.

"J. W. McC."

On October 21, 1918, the offer was accepted in writing upon the condition that the property must reveal a market value approximating the price of 37,500 shares at $1.80 per share, and with the modification that plaintiff, in lieu of the right to repurchase the land at a profit of 100 per cent., was to have the refusal of the property at any *bona fide* offer which the defendant might consider within the next three years.

After receiving the acceptance with modifications, plaintiff immediately advised the defendant that he would agree, and he did agree, to the modifications. Thereupon, the defendant proceeded to investigate the land, and it revealed a market value of approximately

$67,500.00.   When plaintiff was advised of this fact by defendant, he executed in due form a deed conveying said land to defendant, which deed was forwarded to the defendant on November 22, 1918.   At the same time he advised defendant that he was ready to pay the sum of $12,-600.00 for 7,000 shares of stock, and requested that the 44,500 shares of stock be issued to him immediately, but the defendant failed and refused to do so.   At that time the market value of the stock was $2.50 per share, and soon thereafter, $2.60 per share, or a total value of $115,-700.00. Had defendant complied with his contract, plaintiff would have made a net profit of $35,600.00, for which sum he asks damages.

The principal question for decision is whether the description of the land in the written offer is sufficient to take the case out of the statute of frauds.   It is the rule that the contract or memorandum must itself furnish the means of identifying the land, and unless it does, the contract is within the statute.   Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, 178 S. W. 1084; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154; Price v. Hays, 144 Ky. 535, 139 S. W. 810.   In the last mentioned case the description was as follows: ''About 150 acres of land near Otter creek station, one mile north of Rineyville, Hardin county, Ky., on I. C. R. R.''   In holding the description insufficient the court said:

''In the case at bar, appellee does not refer to the land as his, or as his home place.   He simply agrees to convey about 150 acres of land near Otter creek station. No words are used in the writing to give a starting point, nor is the description sufficient to authorize parol proof to aid in identifying the land.   It is true appellant stated in an amended petition that appellee owned only one tract of land near the place named; but this idea is not gotten from the writing.   There was nothing therein to indicate this fact, or that he owned no other land in that vicinity.''

Here, the description is ''427 acres more or less, Lineville, Ala. dist. on A. B. & R. R.''   If anything, this description is much more vague than the description involved in the case of Price v. Hays.   It is indefinite not only as to the number of acres, but as to the ownership and location of the land.   Indeed, there is no tract of land in the Alabama district and on the A. B. & R. R. to which it will not apply.   We therefore conclude that the description is not sufficient to take the case out of the statute of frauds.

But it is suggested that the defect in the description was cured by the tendered deed. There is authority for this position. Ryan v. United States, 136 U. S. 68, 34 L. Ed. 447. Whether we would follow that rule in a proper case, it now is not necessary to decide. It cannot be invoked in this case for the following reasons: The petition does not give the description contained in the deed, but merely follows the description contained in the written offer. It then alleges that "he (plaintiff) forthwith executed in due form a deed of conveyance for said land to the defendant;" and though the petition recites that the tendered deed was filed therewith and made a part thereof, marked "Exhibit No. 3," as a matter of fact no deed was filed. That being true, there is nothing in the petition to show that the description contained in the alleged deed was more certain or definite than that contained in the written offer, and therefore no basis for the conclusion that the defect in the description was cured by the deed.

It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.