## Oliver, et al. v. Morgan.

(Decided March 23, 1923.)

### Appeal from Cumberland Circuit Court.

1.  Frauds, Statutes of—Contract of Agency to Sell Land Need not be in Writing—"Contract for Sale of Real Estate."—A contract whereby an owner of land appointed others as his agents to sell the land for him is not a contract for the sale of real estate within Ky. Stats., section 470, requiring such contracts to be in writing.

2.  Brokers—Liable for Breach of Contract to Resell Whereby They
    Induced Purchaser to Buy.—Where brokers, having a large tract
    of land to sell, induced plaintiff to buy the land by agreeing to
    subdivide and sell it at auction in time to meet the payments due
    upon the land, they are liable, on breach of such contract, for the
    amount paid by plaintiff on the purchase price of the land which
    he lost because he was unable to make subsequent payments.

E. H. SMITH and W. E. JONES for appellants.

P. SANDIDGE and BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, W. J. Oliver & Company, of Glasgow, is
a partnership, composed of W. J. Oliver, John Wilker-
son and W. G. Pennington, engaged in real estate busi-
ness. The firm had listed with it for sale a farm of 704
acres at $125,000.00, located near Bowling Green, in
Warren county, the property of L. H. Shipley, etc. The
firm, or some member of it, approached appellee Morgan
and offered to sell him the farm at that price, but Mor-
gan, while interested in the farm, felt himself unable to
pay the price even though liberal terms were given.
After several conferences between appellee Morgan and
members of the firm of W. J. Oliver & Company, the said
agents took Morgan in an automobile to Bowling Green
to meet Shipley, the owner, and to arrange terms on
which the farm could be purchased. While there appel-
lee did arrange terms with the owner by which the farm
was purchased at the price of $125,000.00, the initial pay-
ment to be $2,500.00 cash, as of October 29, 1919; $60,-
000.00 January 1, 1920, and the remainder in yearly in-
stallments. Shipley, etc., executed to Morgan a title bond
for the land and Morgan paid to Shipley $2,500.00 in
cash. When the $60,000.00 payment became due on Jan-
uary 1, 1920, Morgan was unable to meet it, and in order
to avoid liability upon his notes forfeited the said $2,-
500.00 to Shipley. He then brought this action against
the firm of W. J. Oliver & Company, alleging that the
said firm and its said members, for the fraudulent pur-
pose of obtaining their commission upon the sale of the
farm, deceitfully entered into an arrangement with ap-
pellee whereby appellee was to become the purchaser of
the said land under the terms aforesaid and make the
initial payment of $2,500.00, and execute his notes for
the balance of the purchase price, $60,000.00 of which was

to become due on January 1, 1920, and the balance in yearly installments thereafter, the appellants agreeing as real estate agents to take over for appellee Morgan and subdivide the said farm of 704 acres near Bowling Green into small farms and lots and advertise and put on an auction sale to sell and dispose of the property and raise enough cash to meet the $60,000.00 payment due January 1, 1920, and the other payments to become due thereafter; the profits over and above the cost of the farm, $125,000.00, to be divided between appellee and appellants as follows: 80% to appellee and 20% to appellants, after the expenses were paid; that pursuant to said arrangement he did buy the said farm under the contract aforesaid, and did pay to the owner Shipley $2,500.00 and did execute his several notes for the balance of the purchase money as aforesaid, relying upon the agreement and undertaking of appellants as appellee's agents to subdivide said farm, advertise and put on an auction sale of small farms and lots on the said premises, whereby appellee expected to and would have realized sufficient money not only to have met the notes and obligations which he was under to Shipley but would have realized a profit of ten thousand ($10,000.00) dollars, or more to himself on account of the said sale; that appellants fraudulently and wrongfully declined and refused to put on the said auction sale or to sell the said property for appellant, but took and received as their commission from Shipley the sum of $1,500.00, and fraudulently and wrongfully abandoned their contract with appellee and failed to and did not carry it out, all to his damage in the sum of $12,500.00.

Appellants answered and denied the averments of the petition insofar as it set forth a contract between appellee and appellants whereby the latter were to act as the agents of and for appellee in subdividing and selling the said farm bought of Shipley previous to January 1, 1920. In addition the answer contained several pleas, one of which was a counterclaim for $1,000.00 commission which appellants alleged they earned by finding and producing to appellee a purchaser for the said farm at the price of $127,000.00 and which sale failed, as alleged by appellants, for the reason that the title to the land was imperfect. Another paragraph of the answer averred that appellants did not receive any money from appellee Morgan and appellants were not, therefore, re-

sponsible to him for money paid by him to Shipley; that their commissions were paid to them by Shipley. By another paragraph they pleaded the statute of frauds, averring that the contract between appellants and appellee was not in writing and that it was for and concerning the purchase of land and therefore not being in writing was unenforceable under said statutes. They filed as exhibit a copy of the title bond made by Shipley to appellee Morgan to which appellants were not parties. Issue being joined, the case was submitted to a jury and a verdict resulted in favor of appellee Morgan for the sum of $2,500.00. Judgment being entered upon this verdict, W. J. Oliver and Company appeal.

In their motion for a new trial appellants stated: "The verdict is not sustained by sufficient evidence and is contrary to law; the court erred in admitting improper evidence offered by plaintiff and rejected competent evidence offered by defendant, the court erred in instructions Nos. 1 and 2, over the objection of the defendant, and in refusing proper instructions offered by defendants, and because the verdict appears to have been rendered under the influence of passion or prejudice."

In their brief appellants insist that the contract between them and appellee, if any such contract there were, being oral was against the statute of frauds and therefore unenforceable. The section of the statutes relied upon (section 470) reads in part: "No action shall be brought to charge any person . . . 6. Upon any contract for the sale of real estate or any lease thereof for a longer term than one year; nor . . . unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent."

It is not the contention of appellee Morgan that appellants W. J. Oliver and Company, or either of the members of that firm, purchased or agreed or undertook to purchase any part of the lands mentioned in the pleadings. Appellants insist that they were not the purchasers of the land and insist that they were merely the agents of Shipley, the owner, for the sale of the property and were not the agents of appellee Morgan for a subdivision and resale of the property; that they had no interest whatever in the land except as agents. It appears from appellee Morgan's evidence that the appel-

lants merely undertook to subdivide the said land into small farms and lots and to put on a public auction sale and sell the said lands as the agents of Morgan for which they were to receive a part of the profits as commission. This contention of appellee is sustained by evidence. Indeed it is apparent from the evidence of appellants that some such arrangement was entered into by them with appellee Morgan. If so, and there is no evidence to the contrary, it was a mere contract of agency for the sale of real property and not a contract of bargain and sale of real property.

The rule is well established that a contract between the owner of land and an agent whereby the latter is to find a purchaser for the lands of his principal need not be in writing and is not within the statute of frauds. Huff v. Fuller, 197 Ky. 119; Stewart v. Stovall, 191 Ky. 508; Duncan v. Williams, 6 Ky. Opinions 18; Monroe v. Bailey, 145 Ky. 794; Womack v. Douglas, 157 Ky. 716; Whitworth v. Poole, 29 R. 1104.

From all the evidence it is apparent that appellants were not interested as owners in the real property under consideration but were merely interested as agents in making a sale of the property for Morgan, the owner of the property, upon a commission basis. The jury by its verdict determined substantially the following ·facts: that the contract existed as claimed by Morgan and that appellants undertook to subdivide and sell the said farm for appellee Morgan before January 1, 1920, but failed to do so; that Morgan would not have entered into the contract for the purchase of the 704 acres of land at the price of $125,000.00 and paid to Shipley the initial payment of $2,500.00 had it not been for his contract with appellants whereby they, as agents, were to subdivide the said farm and to put on and conduct the said sale for appellee, and thus raise a sufficient sum to meet the deferred payments. As appellants induced appellee to buy the land and make the cash payment of $2,500.00 and then deserting him, and received their commission from Shipley, the jury was justified in reaching the conclusion that appellants induced appellee Morgan to buy the farm and to make the payment of $2,500.00 for the fraudulent purpose of obtaining their commission from the owner Shipley out of the money paid by appellee Morgan.

Appellants insist that the court refused to properly instruct the jury and gave to the jury erroneous in-

structions. They further insist that the court should have directed the jury to find and return a verdict for appellants. In this last contention they are clearly in error. There was abundant evidence not only to carry the case to the jury but to sustain the verdict.

The court instructed the jury in substance that if it believed from the evidence that Morgan accepted the title bond read in evidence for the 704 acre farm and paid $2,500.00 in cash, and that he and the defendants, Oliver & Company, contracted and agreed with each other that Morgan would put up said $2,500.00 and take said title bond in his own name and assume the liability thereof, they, Oliver and Company, between the date of the said title bond, October 29, 1919, and January 1, 1920, would subdivide said farm into small farms and town lots and advertise the same, furnish an auctioneer and sell said farm at public outcry, and bear all the expenses thereof, and that all said farm might bring in excess of $125,000.00, the purchase price, should be divided between appellants, 80% to the appellee and 20% to the appellants; and further believe from the evidence that appellee took said title bond and paid the said $2,500.00 pursuant to said contract, and that appellants failed or refused to carry out their part of the said contract to so subdivide and sell the said farm, the law is for the appellee, Morgan. The second instruction gave the correct measure of damages. It appears to us that the court correctly stated the law of the case to the jury.

No error appearing to the prejudice of the substantial rights of appellants, the judgment is affirmed.

Judgment affirmed.