## Oliver & Company v. Shipley, et al.

(Decided May 1, 1923.)

### Appeal from Warren Circuit Court.

Brokers—Evidence Held to Sustain Verdict Finding Commission was to be Repaid if Purchaser did not Complete Purchase.—In an action to recover a commission paid to real estate brokers for the sale of a farm, evidence held sufficient, though conflicting, to support a verdict finding that the commission was paid under an agreement that the brokers should return it if the purchasers did not complete the purchase after signing the contract.

T. W. & R. C. P. THOMAS and E. H. SMITH for appellant.

SIMS, RODES & SIMS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This is an action by appellee Shipley and others against W. J. Oliver & Company, real estate brokers, to recover of them $1,500.00 paid as commissions on the sale of a large tract of fine land in Warren county, under an agreement, as averred in the petition, that if the contract of sale brought about between Shipley and one Morgan should not be consummated by the payment of the purchase price, no commissions were to be paid; and if paid, to be returned to Shipley upon the failure of Morgan to consummate the deal by paying the purchase price. This action grew out of the same transaction with which the court was dealing in the case of Oliver & Co. v. Morgan, reported in 198 Ky. 442. It is admitted that appellee Shipley listed the lands in question with W. J. Oliver & Company, real estate brokers, for sale on a commission and that W. J. Oliver & Co. found and produced Morgan as purchaser of the said land at the price of $125,000.00, $2,500.00 of which was paid cash in hand, $60,000.00 due and to be paid January 1, 1920, and the remainder at

stated times thereafter, with interest. Appellants insist they were to have $2,500.00 in commissions for making the sale. Appellees say that they agreed to pay Oliver & Company only $1,500.00 for making the sale in case it was carried to consummation, and not otherwise. After paying the $2,500.00 Morgan defaulted and did not take the land. In the meantime appellees, Shipley, et al., had at the earnest solicitation of appellants, Oliver & Company, paid that firm $1,500.00 in commissions, as appellees say, with the express understanding and agreement on the part of Oliver & Company to repay the same to Shipley in case Morgan did not take and pay for the lands as per his agreement. These were the only questions involved in the case and the only ones submitted to the jury.

Appellees, Shipley, et al., introduced evidence strongly conducing to prove their contention, while Oliver & Company introduced evidence to prove that the agreement under which they received the $1,500.00 in commissions did not require them to look to the final fulfillment of the contract between Morgan and Shipley, but only required them to find and produce a purchaser, ready, able and willing to buy and pay for the lands upon terms and conditions satisfactory to the Shipleys, the sellers, and in pursuance to that agreement and arrangement they did find and introduced Morgan to Shipley as a purchaser with whom Shipley entered into an arrangement then satisfactory to Shipley by which Shipley sold Morgan the farm at the price of $125,000.00, and received as first payment $2,500.00; that all the details of the transaction were arranged between Shipley and Morgan; that appellants fulfilled their entire agreement when they found and introduced the purchaser to Shipley and were not obligated to look to the payment of the purchase price by Morgan to Shipley.

This question of fact was submitted by proper instructions to a jury, resulting in a verdict for $1,500.00 in favor of Shipley, &c. Judgment being entered thereon, W. J. Oliver & Company appeals.

The instructions of which complaint is made very concisely and correctly state the law of the case. The evidence, while conflicting, was abundantly sufficient to support the verdict. There is, therefore, no reason to disturb the judgment and it is affirmed.

Judgment affirmed.