## Bloom v. Young, et al.

(Decided October 21, 1924.)

### Appeal from Fayette Circuit Court.

1. Principal and Agent—One Assuming to Act for Another Without Authority Personally Liable to Person with whom he Deals.— Where one, with knowledge of his want of authority, assumes to act or contract as agent of another, he is personally liable to person with whom he deals, regardless of whether he acts without intending any wrong, or whether he falsely represents his authority with intent to deceive.

2. Brokers—Persons Acting as Real Estate Brokers Without Authority Not Liable where Contract with Plaintiff Not in Writing.—Persons acting as brokers in sale of real estate without authority are not liable in deceit, or for breach of warranty of authority, to persons with whom they deal, where contract for sale is not in writing, as required by Ky. Stats., section 470, subsection 6.

TAYLOR N. HOUSE and R. E. LEE MURPHY for appellant.

ALLEN & DUNCAN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, D. J. Bloom, sued appellees, Robert A. Young, et al., to recover $1,050.00 in damages. By the

petition he charged that they, real estate agents, represented to him that they were agents of Emma R. and J. T. Bottomlee and contracted to sell to him a house and lot owned by the Bottomlees in Lexington, Kentucky, at $5,000.00, $500.00 to be paid in cash, and $4,500.00 to be paid upon the delivery of the deed. The petition did not allege that the contract was in writing. It alleged, however, that the Bottomlees did not consummate the deal by making the deed to him but that they sold and conveyed the property to another. The petition further alleged that at the time the contract was made the appellees were not the agents of the Bottomlees and had no authority to sell the house and lot or to contract for its sale as their agents. It further charged that after making the contract appellant employed counsel to investigate the title of the property and paid $15.00 for the services and that he was damaged $1,000.00 because he did not get the house and lot. Appellant sought to recover $1,015.00 from appellees upon the theory that, as they made the contract representing themselves to be the agents of the Bottomlees when as a matter of fact they were not their agents, they because of their deceit in that particular thereupon became liable to him for the damages suffered by him because the contract was not performed. The court below sustained a general demurrer to the petition, and, appellant declining to plead further, entered judgment dismissing the petition, and this appeal is prosecuted from that judgment. The question before us then is, did the petition state a cause of action?

The general rule is that where one with knowledge of his want of authority assumes to act or contract as the agent of another, he is personally liable to the person with whom he deals, regardless of whether in doing so he acts without intending any wrong or whether he falsely represents his authority with intent to deceive. 2 Corpus Juris, page 804, section 476. The nature of the agent's liability differs in different jurisdictions. In some jurisdictions it has been held that the agent is personally liable on the contract itself and may be compelled personally to answer or perform it as if it were his own, upon the theory that the contract must have been intended to bind someone, and if not the principal then of necessity it must bind the agent. In other jurisdictions and by the weight of authority it has been held that an agent is not personally liable upon a contract which he enters into without or in excess of his authority unless it contains

apt words to bind him personally, but that when so acting
the agent is liable in the nature of an action for deceit
or upon the breach of the implied warranty of his author-
ity, according to the facts of the case, to the party with
whom he has contracted for the damages resulting to him
from the breach of the contract.   2 Corpus Juris, pages
804 to 809.   There is this further general principle on
the subject which we quote from 2 Corpus Juris, page
810, section 483:

> "An agent who falsely represents his authority
> to make a contract on behalf of another is not liable
> in contract or in tort, unless the contract is one which
> the law would enforce against the principal if it had
> been authorized by him, or unless the agent by
> some apt expression guarantees the contract or as-
> sumes it himself.   Thus an agent entering into an un-
> authorized contract will not be held liable where the
> contract is void under the statute of frauds."

The principle of law embodied in the quotation above
seems to us to be conclusive of the question now before us.
The contract sued on herein, for the nonperformance of
which appellant seeks to recover damages, is such as is
required by subsection 6 of section 470, Carroll's Ken-
tucky Statutes, 1922, to be in writing to be binding.   It
was a contract for the sale of real estate.   It was not in
writing.   If the appellees had been the agents of the
Bottomlees and had had authority from them to sell the
house and lot to appellant and had orally contracted
with appellant to do so, the owners of the property would
not have been bound, nor would appellees, as agents, have
been bound, because under our statute of frauds such con-
tracts to be binding must be in writing and be signed by
the parties.

Appellant cites and quotes from a great many opin-
ions of this court as well as from other courts holding
agents who acted without authority or in excess of au-
thority liable upon contracts made by them for their
supposed principals.   But each of those cases may be dis-
tinguished from this case and from the principle above
quoted, because in each of those cases the contract sued
on was one that would have been binding upon the prin-
cipal if the agent had had authority to make the contract
for his principal.   No case was cited, and we have been
unable to find a case, holding that where the agent as-
sumes to act for his principal without or in excess of his

authority he may be held liable although the contract was such that the principal would not have been bound if the agent had acted with authority.

The principle of law involved and the reasons sustaining it were well written in Dung v. Parker, 52 N. Y. 494:

"That a party was ignorant of this law, or that he confided in the promise of another, and acted upon it to his disadvantage, has never been held to be an answer to the statute.

"There is no contract for the violation of which damages in a legal sense can arise, where the agreement proved is within the statute.

"In this case it is to be assumed from the finding of the jury, that the defendant made a contract to lease the premises without authority. But the contract was by parol and if the defendant had possessed authority to make it, it would have conferred no right upon the plaintiff.

"The plaintiff has not been injured by the misrepresentation and has lost nothing; for he would have gained nothing if the representation had been true.

"He cannot say he was defrauded, and make that substantive ground for his recovery, because he had no right to rely upon a contract which, when made, the law declared to be void. If he incurred expenses upon the faith of the promise, or relying upon the express assurance of the defendant that the corporation would sanction the contract, it is his misfortune, but it furnishes no ground of action.

"The plaintiff is compelled to make the void contract a part of his case in any form of action he may bring, and the statute stands as a barrier against recovery." (See also Baltzen v. Nicolay, 53 N. Y. 467; Morrison v. Hazzard, 88 S. W. (Tex.) 385; Kent v. Addicks, 126 Fed. 112.)

Appellant cites Oliver, etc. v. Morgan, 198 Ky. 442, as authority supporting his contention that the contract sued on herein does not fall within the provisions of the statute of frauds. We held in the Oliver case that the contract there sued on was not a contract for the sale of real estate or such a contract as was required by the statute of frauds to be in writing to be enforceable. That can not be said of the contract sued on by appellant herein. It

was a contract for the sale of real estate and appellant by this lawsuit seeks under it to charge appellees for the damages resulting to him from its nonperformance. That is expressly prohibited by the statute. We hold that even if as charged by the petition appellees were not the agents of the Bottomlees and had no authority from them to sell their lot, since the contract sued on herein was one that could not have been enforced against them if appellees had been their agents, because it was not in writing and signed by the parties, the appellees likewise are not bound and are not liable for any damages suffered by appellant from the nonperformance of the contract.

The judgment of the court below being in accord with our conclusions herein is affirmed.