## Alverson v. McCoy, et al.

(Decided November 10, 1925.)

### Appeal from Jefferson Circuit Court.

Brokers—Defendant Held Not Liable for Brokers' Commissions for Procuring Purchaser for Farm which was to be Exchanged to Him. —Where defendant agreed to exchange city property for a farm, but his wife, owning a one-half interest therein, refused to convey, held that defendant was not liable for commissions to brokers employed by owner of farm to procure purchaser, no contract relation existing between brokers and defendant.

DOOLAN & DOOLAN for appellant.

W. W. THUM and W. T. McNALLY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Gilmore & Helm and the McCoy Realty Co. are real estate brokers. J. M. Taylor owned a farm in Jefferson

county, which he listed for sale with Gilmore & Helm and which they had advertised in a daily paper. L. C. Alverson and his wife jointly owned some residence property in the city of Louisville. Alverson desired a farm and had incidentally mentioned this fact to W. G. Archer, a salesman for the McCoy Realty Co. Alverson saw the advertisement and discussed the matter with Archer, indicating that he would like to have the farm if it suited him and an exchange could be arranged for the city property, but did not list the city property with him for sale or exchange or authorize him to negotiate for the farm. Archer accompanied Alverson to see Helm and the three visited the Taylor farm, with which Alverson was much impressed, and in a writing given to Helm proposed to exchange the city property therefor. The Taylors did not accept this proposition, but responded with a counter proposition duly executed by them and in which they offered their farm in exchange for the city property and $3,500.00, describing both properties and specifying terms of payment. This proposition was duly accepted in writing by Alverson, who made additional trips to the farm and arranged with the Taylors for an exchange of certain of the fixtures in the two buildings, and also contracted for a tenant to go on the farm. The Taylors prepared for a sale of their crops and for a surrender of possession of the farm, but Mrs. Alverson declined to execute a deed to the city property and the trade was not consummated.

Gilmore & Helm, and the McCoy Realty Company, brought this action against Alverson seeking to recover from him $517.00 brokerage commission on the Taylor farm, and $315.00 on the city property, which, according to the proven value of each, is admittedly the usual and customary charges of brokerage commissions for the sale of such property. The suit is based on the theory that the first sum would have been due from Taylor and the second sum from Alverson in the event the trade had been consummated; and that by reason of his breach of contract Alverson became liable for the entire amount.

In addition to the above facts, Mr. Helm admits that he knew Mrs. Alverson was a joint owner of the city property and states that he asked that she sign the written contract, but that Mr. Alverson objected to this and stated "he did not want us to see his wife because he would attend to that part of it, that she would agree to sign the deed to the property." Alverson denies this and

states that nothing was said about his wife signing the contract or her consent being procured.

The trial judge was of the opinion that Alverson had not listed his property for sale or exchange and had not agreed to pay any commission thereon and therefore gave a peremptory instruction in favor of the defendant as to the item of $315.00. He was further of the opinion that the writing evidenced an unqualified contract of purchase of the farm by the defendant, and that this was not affected by the character of the consideration; that defendant was bound by the written obligation, and as it was breached he was liable in damages for the commissions Gilmore and Helm would have realized from Taylor if the trade had been consummated, and that it was immaterial as to whether any mention of defendant's wife was made at the time the contract was signed. He therefore gave a peremptory instruction for the plaintiffs for $517.00 claimed in that item. Verdict was rendered and judgment entered accordingly. Defendant appeals, no cross-appeal being asked by the plaintiffs.

Clearly appellant did not list the city property for sale or exchange with the McCoy Realty Company, nor did he employ that firm or Gilmore & Helm to purchase the Taylor farm or to procure an exchange for the city property; yet it might be said that by this arrangement he authorized the brokers to exchange his city property for the farm property, and that while there was no express agreement to pay commissions on the city property, if he refused to convey the latter when tendered a sufficient deed for the farm, perhaps the law would imply a contract to pay the usual and customary commissions on the city property for the services of the brokers in his behalf. Gudgel v. Cook, 146 Ky. 439. If the facts fall within the principle laid down in that case it is further complicated by the fact that the brokers had actual knowledge of the condition of the title, and that Alverson did not claim to act as agent for his wife or make any representations as to her except to say that he did not wish them to see her, and that she would sign the deed, but, however that may be, as no cross-appeal is taken from the judgment dismissing that action, the right to commissions on the city property is not before us.

As to the brokers' right to commissions on the Taylor farm, the facts establish a brokerage contract between Taylor and Helm and a contract between Taylor and defendant for the exchange of their real estate,

but do not show any undertaking upon the part of plaintiffs to act for defendant except to the extent of assisting him in the disposition of the city property, and it is difficult to perceive any privity between defendant and the other parties in the brokerage contract for the sale of the farm. Under the latter contract plaintiffs were required to procure for Taylor a purchaser who was ready, willing and able to carry out the terms of purchase, or in case of an exchange to carry out the terms of the contract. If instead of an exchange they had procured a *purchaser* having these qualifications and he had refused to comply with the contract, unquestionably Taylor would have looked to him for specific performance or damages for breach of contract and plaintiffs would have looked to Taylor alone for their commissions. This case must stand on the same principle. It was plaintiffs' duty to procure a person who was willing, ready and able to carry out the terms of the exchange. As Mrs. Alverson owns a one-half interest in the city property and refuses to convey, it is clear that Taylor could not have specific performance of the contract. Further, as his agents (plaintiffs) had actual knowledge of the condition of the Alverson title and accepted the contract upon his verbal promise that his wife would sign the deed, Taylor's right to recover damages at law for Alverson's breach of contract might be seriously questioned, but this question is not controlling and we do not deem it necessary to determine it.

If the contract between Taylor and Alverson was enforceable, plaintiffs have a cause of action against Taylor for their commissions and their remedy is confined to him. If that contract was void and unenforceable they have not complied with their contract and are not entitled to commissions from anyone. Bird v. Rowell, 180 Mo. App. 422.

Cavender v. Waddingham, 2 Mo. 551, and Atkinson v. Pack, 114 N. C. 597, relied upon by appellee, do not conflict with this view.

In the Cavender case a person employed brokers to purchase a tract of land from him at a certain price, their commissions to be paid by the vendor. They found a person who was ready, able and willing to sell, but the purchaser repudiated the contract and refused to accept the deed. It was held that the broker performed services for the purchaser under the contract and that it contemplated the payment of commissions therefor; that though

it was agreed for another person to pay for these services, as payment was prevented by the purchaser's breach of contract, he was liable therefor in damages.

The Atkinson case was similar except that in it the brokers were employed by the vendor to sell at a certain price, commissions to be paid by the purchaser. They found a suitable purchaser and vendor refused to convey. He was held liable for their commissions on the same principle.

Here the brokers were looking alone to Taylor for the payment of commissions on the sale or exchange of the farm, and under the contract defendant was no more liable therefor than he would have been under a contract to purchase for cash.

It follows that the court should have given the jury a peremptory instruction to find for defendant.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.