# Hicks Realty Company v. Stabile Construction Company, Incorporated.

(Decided March 25, 1927.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Brokers.—Broker cannot represent both parties in exchange of real estate unless each knows that he is representing the other.

2. Brokers.—Where broker is employed by only one party to land exchange, there is no privity of contract between him and the other party, entitling him to recover commissions from the latter on failure to carry out the exchange.

3. Brokers.—Broker negotiating contract for land exchange is not entitled to recover amount of commissions due from employer, from the other party who breached contract, since, if employer has enforceable contract, broker may recover commission from her.

4. Brokers.—Where petition of broker, who negotiated contract for exchange of land, asserted that he was entitled to commissions from one party and damages from the other, court will assume that he claims primary employment with former, employment by both being impossible under allegations.

LEO J. SANDMANN for appellant.

W. B. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

C. C. Hicks, a real estate broker in the city of Louisville, sued the Stabile Construction Company, a corporation, alleging that one Mrs. Robertson submitted a written proposition to the defendant for the exchange of a certain lot in that city owned by her at the price of $11,882.67, and to take in exchange therefor a lot owned by defendant at the price of $5,600.00, each to assume certain indebtedness upon the land conveyed him (both lots being described); that defendant accepted the proposition in writing, but that it refused to comply with the contract although Mrs. Robertson was ready, able and willing to comply therewith, and had executed, acknowledged and tendered to defendant a good and sufficient deed therefor, which it had refused to accept. He further stated that in the transaction he represented both parties, and that by reason of the defendant's default plaintiff was entitled to recover from it as damages the

amount of commissions he would have received from Mrs. Robertson if the trade had been consummated, which he alleged, according to the rules of the Louisville Real Estate Exchange, was five per cent of the estimated value of the property, or $556.48; and that he was entitled to recover from the defendant the further sum of $280.00 as commissions for negotiating an exchange of its property at five per cent of the value thereof. The lower court sustained a demurrer to the petition and plaintiff appeals.

The petition does not allege that each of the parties to the land transaction knew or understood that plaintiff was representing the other. Construing the pleading most strongly against him, it must be held that this fact, if true, was unknown to the contracting parties and that under such circumstances he could not represent both. Further, he does not allege an express contract of employment or the listing of the property with him by either of the parties, or a request by either of them for his assistance in the negotiations, and it is doubtful whether the expression that he was representing one or both of them is anything more than a conclusion of law. But if we assume that it is a statement of fact, it will be observed that if he was employed by Mrs. Robertson to represent her there is no privity of contract between him and the Stabile Construction Company. Alverson v. McCoy, 212 Ky. 9, 278 S. W. 547.

It is said, however, that the defendant by its breach of contract damaged plaintiff to the extent of the commissions due him by Mrs. Robertson. Under the state of facts here proven such is not the case. If plaintiff represented Mrs. Robertson and she has an enforceable contract with defendant he is entitled to the commission *from her* and is not damaged by defendant. As the petition asserts that plaintiff is entitled to the commissions from Mrs. Robertson and entitled to damages from defendant, we must assume that she is the one with whom he is claiming primary employment, and as we have seen under the pleading he could not represent both parties in this transaction. It follows that the court properly sustained a demurrer to the petition.