## Stuart-McKnight & Company v. Monroe.

(Decided January 17, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Brokers.—An oral contract of employment to find a purchaser for land is enforceable.

2. Appeal and Error.—In reviewing ruling of trial court sustaining demurrer to plaintiff's petition, Supreme Court must assume oral contract of employment of plaintiff to find purchaser for defendant's land as alleged in petition.

3. Pleading.—Exhibit filed with broker's petition in action for commissions on sale of farm held to sufficiently show contract between defendant and purchaser procured by plaintiff for sale of defendant's land.

4. Vendor and Purchaser.—That vendor inadvertently signed his name above instead of below line of acceptance in contract for sale of farm did not affect validity of instrument.

5. Brokers.—Where plaintiff, employed by defendant under oral contract to find purchaser for defendant's farm, found purchaser at satisfactory price, who made an acceptable contract of exchange with defendant for sale of property, plaintiff was entitled to commissions.

6. Vendor and Purchaser.—Sales contract describing land as "your" vendor's farm, containing 318 acres, and lying 2½ miles northwest of La Grange, and which had upon it a mortgage of $13,100, sufficiently described land, since it was capable of identification,

although it might require additional evidence to locate and identify particular tract of land so described.

7.  Brokers.—Broker could recover commission from vendor, where purchaser agreed to pay commissions on sale of his property, and written contract containing such provisions was accepted by vendor, since broker may represent both parties when that fact is known to each of them.

W. J. GOODWIN for appellant.

STITES & STITES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Plaintiff, a real estate broker doing business under the firm name of Stuart-McKnight & Co., sued J. G. Monroe to recover brokerage commissions on the sale of a farm of 318 acres located 2½ miles northwest of La Grange.   It is substantially alleged in the petition that on the 9th of October, 1926, the defendant listed the above described land with plaintiff under a parol agreement to pay him the regular commissions allowed by the Louisville Real Estate Exchange in the event he found an acceptable purchaser for such farm at a price and upon terms satisfactory to the defendant; it being further alleged that within nine days after the property was so listed the plaintiff found and produced such purchaser in the person of J. H. Pile, who offered a price and terms that were satisfactory to defendant and which were accepted by him, and with whom the defendant entered into the following written contract:

"Louisville Title Company.

"No. 223 S. Fifth Street, between Market and Jefferson.

"Telephone City 2553.

"Louisville, Ky., Oct. 18, 1926.

"Stuart-McKnight & Company: I will take for my following described property in Louisville ——— x——— feet, located on east side of Shawnee Terrace street, between ——— and ——— streets, with all improvements thereon and known as No. house No. 101 North and 111 South Shawnee Terrace street, in trade for your farm 318 acres more or less, the sum of ——— ($———) dollars, located 2½ miles northwest of La Grange, Kentucky, also one-half interest in the present crop in accordance with

contract respecting the crop.    I will assume present mortgages on farm of the amount of $13,610.00.  Mr. Monroe to assume mortgages on above two described houses of .$5,300.00 and $5,200.00 respectively on above-described two houses.    And will convey an un-incumbered marketable title thereto by deed of general warranty, with the usual covenants such as the Louisville Title Company will insure, except all 1927 taxes which each party assumes and agrees to pay. Fire and tornado insurance now in effect to be assigned and transferred to respective transferees subject to the Joint Stock & Land Bank making loan of $11,000.00 on or before sixty days after date.    I will pay the regular commission prescribed by the Real Estate Board of Louisville, Ky.    This proposition is good for two (2) days from date.

"(Signed) J. H. Pile,

"(Signed) J. G. Monroe.

"The above proposition is accepted this 18th day of October, 1926.

"_____.

"_____.''

It is further alleged that the condition in the contract as to the obtention of a loan of $11,000 by J. H. Pile was arranged to the mutual satisfaction of both parties by the loan of $10,000 from the Land Bank and the loan of $1,000 by defendant secured by a mortgage on the farm.   The value of the farm was $18,610, and the regular commission allowed by the Louisville Real Estate Board of Exchange is 5 per cent.; his commissions aggregating the sum of $930.50, for which he asked judgment.  A demurrer was sustained to the petition, and, no amendment being offered, it was dismissed, and plaintiff appeals. The argument for appellee is, first, that the verbiage of the written agreement shows it to be a joint offer from J. H. Pile and J. G. Monroe to Stuart-McKnight & Co. good for two days; that it was not accepted by Stuart-McKnight & Co., and became ineffective two days after date; that therefore it cannot be considered as a contract between Messrs. Pile and Monroe and that it is patently without meaning, and therefore void and ineffective.    But we do not so understand it.

In considering this exhibit we must bear in mind that plaintiff has pleaded an oral contract of employment to find a purchaser for appellee's land.    Such contracts are

enforceable. Shadwick v. Smith, 147 Ky. 150, 143 S. W. 1027; Monroe v. Bailey, etc., 145 Ky. 794, 141 S. W. 412; Carter v. Hall, 191 Ky. 75, 229 S. W. 132; Womack & Co. v. Douglas, 157 Ky. 716, 163 S. W. 1130. The exhibit filed with the petition is not a contract of listing, but is relied upon to show a contract between Pile and Monroe for a sale of the land in question and that plaintiff had thereby produced a purchaser who was accepted by the defendant in a sale upon satisfactory price and terms. Assuming, as we must, the employment as alleged by plaintiff, we think the exhibit, fairly construed, shows such contract between Pile and Monroe. Admittedly Pile owned the houses and Monroe the farm referred to therein. It is addressed to the real estate broker with whom the farm was listed for sale. It proposes to exchange the two described houses for *your* farm 318 acres more or less, describing it, and proposes to assume a mortgage on the *farm* in the amount of $13,410, and for *Mr. Monroe* to assume the mortgages on the two houses of $10,500, together with certain other conditions. It is not intimated that Stuart-McKnight & Co. owned or was interested in the farm except as selling agents, and, as it is not unusual for letters to be thus addressed to selling agents, and the contract describes the farm Mr. Monroe is alleged to have listed with plaintiffs and specifically provides that Mr. Monroe is to assume the mortgage obligations on the Piles' residences, it is clear that Monroe and Pile were the contracting parties. True, Mr. Monroe's name is signed, together with that of Mr. Pile, and above instead of below the line signifying an acceptance, but it is not to be thought that the owners of this property would do a vain and foolish thing by making a joint proposition of this character to a real estate agent for his acceptance, and it is evident that Mr. Monroe by inadvertence signed his name above instead of below the line of acceptance, and this does not affect the validity of the instrument. Taking these allegations as true, it is clear that the plaintiff found a purchaser at a satisfactory price who made an acceptance contract with Mr. Monroe for the sale of the property, and, unless there is some other objectionable matter in the contract, this would entitle plaintiff to the commissions. McDowell v. Lewis, 200 Ky. 26, 254 S. W. 208; Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S. W. 111; Swinebroad v. Foster, et al., 196 Ky. 459, 244 S. W. 881; Ferguson v. Harris & Speak, 200 Ky. 146, 254 S. W. 329.

It is said, that the description of the farm is not sufficient for the purpose of identification. However, the land is described as "your" (John G. Monroe's) farm, containing 318 acres, and lying 2½ miles northwest of La Grange, and which has upon it a mortgage of $13,100. It may require additional evidence to locate and identify the particular tract of land so described, but the land is so designated as to be capable of identification, and that is all that is essential. Ferguson v. Harris, etc., supra; Pope v. Myers et al., 218 Ky. 731, 292 S. W. 318; McCulloch v. McCombs Produce Co., 191 Ky. 518, 230 S. W. 917; Ky. Counties Oil Co. v. Cupler, 204 Ky. 799, 265 S. W. 334; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154; Posey v. Kimsey, 146 Ky. 205, 142 S. W. 703.

It is next insisted that the petition is bad, in that it shows that appellant was representing both parties, and the contract is therefore unenforceable. This principle cannot apply, for the reason that the petition alleges a contract with Monroe to pay commissions. Pile necessarily knew that plaintiff was representing Monroe as he addressed the written communication to him (plaintiff). In that communication Pile agreed to pay commissions on the sale of his property, and the written contract containing the provisions was accepted by Monroe; hence each party knew of plaintiff's status, and it is uniformly held that a broker may represent both parties when that fact is known to each of them. Gudgel v. Cook, 146 Ky. 439, 142 S. W. 1014; Hicks Realty Co. v. Stabile Construction Co., 219 Ky. 282, 292 S. W. 780; It thus appears that the petition stated a cause of action, and the court erroneously sustained a demurrer thereto.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.