## Henson v. Arnold.

June 24, 1949.

Henry Jackson and James G. Begley for appellant.

Jay W. Harlan and James F. Clay for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This action was instituted by Cabel Arnold and W. S. Dunn, appellees, against E. B. Henson to recover a commission based upon an alleged contract, wherein they were to receive 3% as commission on the gross rental of a lease executed between the appellant as lessor and James Williams, Sr., and James Williams, Jr., lessees.

Upon trial of the cause below, judgment was entered in favor of plaintiffs. Defendant appeals advancing 4 reasons why the judgment of the lower court should be reversed: (1) Demurrer to the petition should have been sustained. (2) Refusal to give instruction offered by appellant. (3) Refusal to give a peremptory instruction, and (4) the verdict is flagrantly against the evidence.

In the opening statement of appellant's brief it is said:

"This case is one clearly based on expressed contract, and the lower court so held, * * *

"We consider that on this the lower court was right, that is, that the action is based on an expressed contract on which we either stand or fall."

Appellant takes the position that such a contract falls within the Statute of Frauds, KRS 371.010 et seq., and since the petition shows on its face this contract was oral, the demurrer to the petition should have been sustained. In support of that position appellant cites Lowther v. Scheirich et al., 195 Ky. 177, 241 S. W. 834, and Nisbet v. Dozier, 204 Ky. 204, 263 S. W. 736, 737. It may be said without further comment that the cases cited in no way support the position of appellant. In the first case above cited the question involved the lease of oil and gas rights. Payment of the commission to the broker depended upon the obtaining of a valid and binding lease. The lease obtained, upon which the commission was to be paid, was an oral one and, consequently,

within the provisions of the Statute of Frauds. The court held that the right to a commission failed because the lease, being verbal, was no good. Right to a commission depended upon obtaining a valid and binding lease. In the second case above the contract relied on was a contract to sell an interest in land in consideration of services rendered. Clearly, the sale of an interest in land, whether it be for a cash consideration or in consideration of services, is within the statute. It might, however, be called to attention that it is said in that case:

"It is well settled that an agent's authority to sell real estate may ordinarily be conferred by an oral contract. 9 C. J. 517; Womack v. Douglas, 157 Ky. 716, 163 S. W. 1130, and cases cited."

The contract sued on in the instant case was not for the sale of real estate nor for any lease thereof. It is nothing more than an employment contract for the payment of money as compensation for services rendered. We have repeatedly held that such contract may be entered into orally. Stuart-McKnight v. Monroe, 222 Ky. 602, 1 S. W. 2d 1054; Oliver v. Morgan, 198 Ky. 442, 248 S. W. 1020; and Carter v. Hall, 191 Ky. 75, 229 S. W. 132.

Appellant next complains that the court erred in not giving the following offered instruction:

"If you believe from the evidence that the minds of the plaintiffs and the defendant did not meet as to the terms of an agreement, that is to say, that they both did not understand that there was an employment of the plaintiffs by the defendant in connection with the lease made by defendant with Williams, in that event, the Court instructs you there was no binding agreement or contract as between plaintiffs and defendant, and the law is for the defendant, and you will so find."

In support of this position American Central Insurance Company v. Leake, 31 Ky. Law Rep. 1016, 104 S. W. 3773, is cited, in which opinion a parallel instruction is found. However, it will be noted that the instruction was not questioned. There was nothing more than a mere repetition of the instruction as given by the court below. This in no way lends support to appellant's position. Such an instruction, obviously, is given only

when both parties admit the contract but claim they did not understand each other or that there was failure of meeting of the minds. Such is not the case here. Appellees allege a contract. Appellant denies a contract. One says there was and the other says there wasn't. Consequently, there can be no question of the meetings of minds on a contract. There is, therefore, no merit in this contention of appellant.

The next two points raised will be considered together. As stated above the action was upon an alleged contract. The existence of the contract depends upon facts. If the parties entered into a contract wherein appellant agreed to pay 3% on the gross rental, appellees should recover $900. On the other hand, if there was no such contract and agreement, appellant should prevail. So, it resolves itself into a pure matter of fact. The proof on the part of the appellees was that there was such a contract. This was denied vigorously by appellant. The proof shows, and appellant admits, that appellee, Walter Dunn, introduced him to the lessees. He admits that Dunn called him over the telephone and inquired of him if he would sell the land; and that upon his refusal to sell he was then asked if he would be interested in building a garage on the land and leasing same for a period of 10 years. Appellant became interested in the latter and entered into an agreement for such building and lease. Obviously, the facts are amply sufficient to take the cause to the jury. The jury chose to believe appellees. This was their prerogative.

The judgment is affirmed.