**O. L. HAMILTON, Appellant,**

v.

**Omer BOOTH, Appellee.**

Court of Appeals of Kentucky.

Jan. 22, 1960.

Rehearing Denied March 11, 1960.

Redwine & Redwine, Winchester, for appellant.

White & McCann, Winchester, for appellee.

PER CURIAM.

Plaintiff moves for an appeal from a judgment awarding him $100 as a real estate broker's commission, on the ground he was entitled to recover a larger amount. Since the only evidence in the case brought up in the record is a contract of sale between the defendant and a third party who purchased his farm, the only question we can consider is whether or not this writing constitutes a written contract between the plaintiff and the defendant which entitled the former to a $750 commission.

This sales agreement between the defendant and the purchaser of his property has no semblance of a contractual arrangement between the defendant and the plaintiff. It recites that the property was sold "through Bud Hamilton Realty Auction Company" (this is a printed form), but those words standing alone are meaningless. If plaintiff was to recover on the basis of this writing, it should show an agreement with him and the terms of the agreement. It fails to show either. The plaintiff therefore had no claim based on this writing as a contract.

The quantum meruit aspect of the case is not before us because no transcript of the evidence was made a part of the record on appeal.

The motion for appeal is denied, and the judgment stands affirmed.