**R. C. CURTIS and W. P. Wilcox, Appellants,**

**v.**

**Carl H. SPADIE, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

O. M. Miracle, Louisville, for appellants.

Alvin E. Gibson, Sr., Gibson & Gibson, Louisville, for appellee.

WILLIAMS, Judge.

Appellants R. C. Curtis and W. P. Wilcox brought this action to recover a real estate broker's commission allegedly due from appellee Carl H. Spadie for the sale of 22 acres of land in Jefferson County. The Jefferson Circuit Court directed a verdict in favor of Mr. Spadie and this appeal results.

Wilcox was an agent of Curtis, who owned the Dixiland Realty Company. A contract entered into between the parties on a printed form furnished by Dixiland Realty Company is the subject of this controversy. At the top of the form contract in large block letters is the name "Dixiland Realty Company." Immediately below is a line at the end of which is found the word "Agent"

and upon which was written "W. P. Wilcox." The printed portion of the contract begins: "Thru you as agent, I will take for the following described property * * *." Various provisions are set out in the printed portion and interlined in the blank spaces provided. One interlineation provided that the seller would pay 10 per cent commission but was changed to read as follows: "Seller agrees to pay commission of $39.00 per lot or adjusted to number of lots." It was anticipated that the property would be divided into building lots.

The contract provided that unless it was accepted by a certain time, "this proposition is null and void." In the space immediately beneath the above provision, Carl H. Spadie signed his name. Immediately below that was the provision, "The above proposition is accepted * * *." Beneath that was written "Sandalwood Heights, Inc., W. P. Wilcox, President, Edward Huff, Secretary and Treasurer."

Sandalwood Heights, Inc. was incorporated and owned by W. P. Wilcox. Prior to the execution of the contract Wilcox had on several occasions approached Spadie as a potential purchaser of the property. The property was never listed for sale by Spadie with Dixiland Realty Company or W. P. Wilcox.

Four lots were sold off the tract in the following three years, and $39.00 per lot was deducted from payments to Spadie from Sandalwood Heights, Inc. Appellants made no demand for any commission until nearly three years had elapsed and W. P. Wilcox had sold his interest in the corporation. The demand for commission in this suit is an amount equal to 10 per cent of the sale price.

The question before this Court is whether the contract is one between a seller and a purchaser, or one between a seller and an agent. Although the printed form purports to be one which should be executed between a seller and an agent, nevertheless the provisions therein are unquestionably those

which pertain to seller and purchaser. The fact that the form indicates that an agent is executing it is of no consequence when viewed in conjunction with the instrument as a whole.

In Hamilton v. Booth, Ky., 332 S.W.2d 252 (1960), it was held that, in order for an agent to recover a commission on the basis of a writing, the writing should show an agreement with him and the terms of the agreement. Even though the printed portion of a contract recites that the property is sold through a realty company by an agent, we said in the Hamilton case that those words, standing alone, are meaningless. The contract here made provision for a commission of $39.00 per lot, but the provision implied that the buyer was to receive the commission as lots were sold and this was the procedure which was followed for nearly three years.

The contract was signed by Spadie, the seller, and Sandalwood Heights, Inc., by its officers, the buyer. It was purely and simply a contract of sale between those parties. The inappropriate language in the printed form was of no consequence. The rights of a real estate broker and his customer whom he serves for compensation arise exclusively from contract, and the service of the broker is predicated solely thereon. Batts v. Snook, 268 Ky. 682, 105 S.W.2d 843 (1937).

It has been held that a broker may represent both vendor and purchaser when each party is aware of the circumstances. Stuart-McKnight & Co. v. Monroe, 222 Ky. 602, 1 S.W.2d 1054 (1928). However, that is not the situation here. Wilcox was the purchaser and is now attempting to collect a broker's commission because the printed form makes reference to an agency relationship. The mere use of that language in the printed form, under these circumstances, is not sufficient basis for recovery of a real estate commission.

The judgment is affirmed.