Chief Justice Robertson
delivered the Opinion of the Court.
The Circuit Court sustained a demurrer to a declaration in an action of covenant on the following writing:
“ Mr. Benjamin Graves. — Harry wishes to live with “ me another year. I will give you $ 100, which is the “ most I can do: please let me know by the first of next “ week.”
Yours, respectfully,
<s25th Dec’r, 1834. Jl. K. Smedes.”
The declaration averred that Graves, the plaintiff, received that writing, and in consideration of the promise therein expressed, sent his slave, Harry, to A. K. Smedes, on the 1st of January, 1835; in whose service he continued during the whole of the year 1835; but that, nevertheless, no part of the one hundred dollars had ever been paid.
It seems to us that the action, as brought, is maintainable. The ground on which the demurrer was sustained was, as we presume, that the Circuit Judge considered the writing, not as a promise to pay one hundred dollars, but as a proposition not obligatory without a written acceptance. But we do not concur in that interpretation of its object and legal effect. We consider it as intended to be, and as therefore being, in judgment of law, a conditional promise to pay one hundred dollars, on an expressed contingency, and for a valuable prospective consideration, also expressed in the writing itself, which was complete and binding, as a written undertaking, as soon as it had been received and accepted by Graves.
Had the statute of 1812 not raised unsealed promises in writing to the dignity of covenants, assumpsit or debt might, in our opinion, have been maintained on this con *345 tract, as evidenced by this writing, by averring the facts contained in the declaration in this case. The statute has been construed as not effecting any alteration in the mode of consummating written promises as prescribed by the common law; and therefore, if this writing would have been evidence of a binding written promise at common law, to pay one hundred dollars on a future condition which was afterwards fulfilled, the same writing was a binding covenant, in virtue of the operation of the statute of 1812.
Wherefore, it seems to the Court, that the judgment on the demurrer was erroneous; and, therefore, the final judgment, rendered in bar of the action, is reversed, and the cause remanded.