## Shadwick v. Smith.

(Decided February 27, 1912.)

### Appeal from Hickman Circuit Court.

Principal and Agent—Parol Contract to Sell Land—Validity.—A contract between the principal and the agent authorizing the agent to sell the land of the principal, may be in parol; and though in writing may be varied by a subsequent oral agreement between them, by which the agent's commissions were changed and the time within which he was to sell the property was extended.

R. B. FLATT for appellant.

BENNETT, ROBBINS & THOMAS and J. KELLY SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

J. Kelly Smith brought this suit against R. C. Shadwick to recover commissions alleged to be due him for procuring a purchaser for a tract of land owned by Shadwick. The facts of the case are these: On January 10, 1910, Shadwick signed a writing which he delivered to Smith by which he put the land in his hands for sale "for a period of six months from date and thereafter until written notice is given of the cancellation of this agreement." The writing also contained these conditions: "The sale price to be $3,000 or over. Terms of sale $1,000 cash and balance moderate terms 6 per cent." The commissions of the agent are thus expressed: "In case of sale an amount equal to 5 per cent. of the sale price or all over $2,850 at the option of the agent." Smith was about to sell the land to Floyd Chambers for $3,450, and Chadwick was reluctant to make a deed, so it was agreed between Smith and Shadwick that Smith was only to receive $200 for his commission and Shadwick $3,250 of the purchase money. After this had been agreed to Chambers was unable to get up the cash payment of $1,000, and when they met to close the trade on December 31, Smith says that Shadwick then agreed to give him two weeks longer to get up the money and close the trade. Shadwick says he agreed to give him ten days longer. At the end of ten days Shadwick wrote Smith that he took the land out of his hands. Within the two weeks Smith got the money up, put it in bank and

called on Shadwick to make the deed. This Shadwick declined to do and this suit followed. The court instructed the jury in substance that if the plaintiff and defendant had an agreement by which the plaintiff was to make a sale of the land within a certain time and within that time the plaintiff procured a purchaser for the land they should find for him; otherwise they should find for the defendant. The jury found for the plaintiff, and the court having entered judgment on the verdict, and refused a new trial, the defendant appeals.

The suit was brought on the written contract. After the evidence was heard the plaintiff filed an amended petition setting up the oral contract extending the time. The circuit court has a discretion in allowing amendments and we do not see that he abused a sound discretion in allowing the amended petition filed.

An agency to sell land may be created by parol. (Talbot v. Bowen, 1 A. K. M., 437; Isaac v. Gearheart, 12 B. M., 231; Whitworth v. Pool, 29 R., 1104.) Although under the written contract, Shadwick had a right by notice in writing to take the land out of Smith's hands after the expiration of six months from the making of the contract, still while the land was still in Smith's hands and while he was trying to find a purchaser, it was competent for the parties by parol to agree upon a further time which he was to have to find a purchaser. A written contract may be modified by a subsequent parol agreement. By the subsequent agreement in this case, the agent agreed to take $200 in lieu of the compensation fixed in the written contract. This agreement was binding on him. The agreement between them giving him two weeks longer to find a purchaser was also binding on Shadwick, the efforts he was to make in procuring a purchaser and the expenses he incurred, being a sufficient consideration to support the contract. The consideration for a contract may be either a benefit to the promissor or a detriment to the promisee. The principal and the agent could make a parol agreement as to the agent's commission, and as to the time he was to have to make a sale.

The weight of the evidence is not against the verdict of the jury. On the contrary the circumstances sustain Smith. The trouble between the parties seems to have grown out of Shadwick's desire to sell the land without commissions.

Judgment affirmed.