DEBOER v. GEIB.

1. BROKERS—COMMISSIONS—EXCLUSIVE LISTING—CONSTRUCTION OF CONTRACT.

Provision in exclusive listing contract that owner would pay commission regardless of who made sale during listing period was not limited by subsequent clause providing for payment of commission if broker produced purchaser ready, willing, and able to purchase, since said clauses are not inconsistent.

2. CONTRACTS—CONSTRUCTION.

Construction which entirely neutralizes one provision should not be adopted if contract is susceptible of another which gives effect to all its provisions.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J.    Submitted June 3, 1931. (Docket No. 77, Calendar No. 35,443.)    Decided October 5, 1931.

Assumpsit by Henry W. DeBoer and another, individually and as copartners, against Fred P. Geib for real estate broker's commission. Judgment for defendant. Plaintiffs bring error. Reversed.

*Dilley & Dilley,* for plaintiffs.

*William J. Landman,* for defendant.

McDonald, J.    The plaintiffs have brought error to review a judgment of the superior court of Grand Rapids in a suit brought to recover a commission for the sale of real estate.    The contract was in writing.    The applicable parts are as follows:

"In consideration of your agreement to use your efforts to find a purchaser, and to list with the Grand Rapids Real Estate Board, the property described on the reverse side of this contract, I hereby grant you the exclusive right and privilege for the term of three months from date hereto to sell the property described as    *    *    *.

"If said property is sold before the expiration of this agreement by you, by myself, or any other person, I agree to pay you a commission of five per cent. on the first $5,000 and four per cent. on the remainder.

"You shall be paid the above commission in the event that you produce a purchaser, ready, willing and able, to purchase the said property."

The material facts are undisputed.    The plaintiffs did not procure a purchaser ready, willing, and able to purchase the property.    The defendant sold it

without the aid of the plaintiffs within the three-month period during which they had the exclusive right of sale. The sale price was the same as that listed with the plaintiffs. The defendant denies liability on the theory that his promise to pay a commission if he himself sold the property within the three-month period during which the plaintiffs were given the exclusive right of sale is limited by the following subsequent clause of the contract:

"You shall be paid the above commission in the event that you produce a purchaser, ready, willing and able to purchase the said property."

The trial court adopted defendant's construction of the contract, and entered a judgment in his favor.

We cannot agree to this construction. It entirely eliminates from the contract that provision wherein defendant absolutely promises to pay a commission to the plaintiffs regardless of who sells the property while they have the exclusive right of sale. It violates the well-established rule that:

"A construction which entirely neutralizes one provision should not be adopted if the contract is susceptible of another which gives effect to all its provisions." 6 R. C. L. p. 838.

This contract is easily capable of a construction which will give effect to both of the provisions in question. They are not inconsistent. The provision in regard to procuring a purchaser has no application in case the owner sells the property himself without the broker's aid and has expressly agreed to pay the commission regardless of who makes or negotiates the sale. It was inserted in the contract in contemplation of a sale or attempted sale by the broker and not the owner. It in no way limits or modifies the owner's promise to pay if he makes the

sale himself. The court's construction is unreasonable and inequitable.

As the amount of the commission is not questioned, the judgment is reversed, and the cause remanded for the entry of a judgment in favor of the plaintiffs in the sum of $510 with interest at five per cent. from September 23, 1929.

The plaintiffs will have costs.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.