SEELYE v. BROAD.

1. BROKERS—COMMISSIONS—EXCLUSIVE SALE RIGHT—REVOCABILITY—
SUBSTANTIAL PERFORMANCE.
    A contract to sell real estate containing a provision for exclusive
    sale rights in a broker and a reasonable time limit is enforce-
    able, and the broker entitled to his commission, when the
    broker is able to show substantial performance of the duties
    imposed upon him by the contract, if the owner makes a sale
    within the contract dates even though the broker does not
    produce a buyer.

2. SAME—SALE OF REAL PROPERTY—BROKER'S AGREEMENT—REVOCA-
BILITY.
    The owner of real property may be found to have promised
    that he will not terminate the employment of a broker to sell
    the property until the broker has had a reasonable time in
    which to find a customer, if the broker promises to make
    specific efforts or otherwise gives consideration therefor.

3. PRINCIPAL AND AGENT—AGENCY—REVOCABILITY.
    An authority or power given for a valuable consideration is,
    from its very nature and character, in contemplation of the
    law irrevocable, whether it is expressed to be so on the face
    of the instrument conferring the power or not, unless there
    is an express stipulation that it shall be revocable.

4. BROKERS—SALE OF REAL PROPERTY—AGREEMENT—REVOCABILITY.
    Agreement by the owner of real property that a real estate
    broker should have authority for one day to sell owner's prop-
    erty, in which there was a recital that the consideration for
    the agreement was the broker's assistance to the seller in

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]  12 Am Jur 2d, Brokers § 226 et seq.
[2]  12 Am Jur 2d, Brokers § 58.

preparation of the agreement and offer to sell and the broker's presentation of the offer to the intended purchaser *held*, irrevocable during the agreed time.

Appeal from Court of Appeals, Division 2; McGregor, P. J., and Fitzgerald and Kavanagh, JJ., affirming Oakland, Ziem (Frederick C.), J. Submitted December 8, 1966. (Calendar No. 20, Docket No. 51,409.) Decided June 6, 1967. Rehearing denied July 21, 1967.

2 Mich App 177, reversed.

Complaint by Warren O. Seelye, Jr., against Eli Broad and Edythe Broad for damages arising from breach of a contract to employ plaintiff in the sale of real estate. Judgment for defendants. Affirmed by Court of Appeals. Plaintiff appeals. Reversed.

*Frank C. Glabach,* for plaintiff.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*Michael B. Lewiston,* of counsel), for defendants.

DETHMERS, C. J. Plaintiff, a realtor, brought this suit for a sale of real estate commission against defendants who were the property owners. From circuit court judgment of no cause for action in favor of defendants, plaintiff appealed to the Court of Appeals and, from its affirmance,* he sought and was granted appeal here.

The question presented is whether defendants had the right, with respect to their written authorization of plaintiff to sell the property, for a period of one day, to terminate it before that day had expired and to sell the property themselves without liability to plaintiff for the commission agreed upon in the au-

---

* 2 Mich App 177.—REPORTER.

thorization agreement. The latter recited that in consideration (1) of plaintiff's assistance to defendants in its preparation and (2) of plaintiff's presentation of defendants' offer to sell for acceptance by certain intended prospective buyers named in the agreement, defendants agreed that it was irrevocable for one day.

Within the specified one-day period plaintiff secured from the said intended buyers a counter-offer and presented it to defendants. They turned it down and advised plaintiff that they already had sold to another buyer who was unknown to plaintiff. Plaintiff then went again to the said intended buyers and promptly, within said one-day period, returned to defendants with a written acceptance by said intended buyers of defendant's offer to sell at the price and on the terms provided by defendants in their written authorization agreement and offer to sell.

The Court of Appeals relied on *Schostak* v. *First Liquidating Corporation,* 320 Mich 406, and defendants, in addition, cite *Pastras* v. *Oberlin,* 350 Mich 183, and *McOmber* v. *Campion,* 219 Mich 604, for the proposition that the owner of real estate may, during the life of a listing agreement, but before the realtor has produced a purchaser ready, willing, and able to buy on the owner's terms, rescind it, sell the property himself and not become obligated to the realtor for the specified commission. If these can be said to hold that only if the realtor has actually produced a buyer on the owner's terms has he acquired irrevocable rights under the contract, then it must be concluded that they are, to that extent, superseded by the more recent case of *Ladd* v. *Teichman,* 359 Mich 587, in which this Court said:

"Thus it appears that where a contract to sell real estate contains a provision for exclusive sale rights

and a reasonable time limit, and the broker is able
to show substantial performance of the duties im-
posed upon him by the contract (even though he does
not produce a buyer), when the owner makes the sale
within the contract dates, the contract is held to be
enforceable and the broker entitled to his commis-
sion."

Mr. Justice EDWARDS in *Ladd* wrote:

"But in 2 cases where the language of the agree-
ment granted what we construe to be exclusive sale
rights for a specified period and there was specific
language which purported to assure a commission
to the broker even if the owner made an unassisted
sale, the broker was allowed to recover after the
owner sold. *Axe* v. *Tolbert,* 179 Mich 556; *DeBoer*
v. *Geib,* 255 Mich 542. Even as to these last 2 cases,
however, there was either claim or recital of con-
sideration on the part of the broker.

"None of these cases is squarely in point as to our
present situation, but they help to illustrate the pre-
occupation of the Michigan Court with the question
of consideration as it relates to a claim for com-
mission under a contract to sell real estate."

In 2 Restatement, Second, Agency, § 453, comment
c, appears the following:

"c. *When a promise not to terminate authority.*
If there is merely an offer to pay compensation with-
out a corresponding agreement to perform service,
ordinarily the offer can properly be revoked at any
time. This is true in the usual agreement with real
estate brokers and, unless he acts in bad faith (see
§ 454), the principal commits no breach of contract
and hence has to pay no commission if, on the eve of
success by a broker, he withdraws the property from
the broker's control for any reason. However, there
are many *variants.* Thus, if the broker promises to
make specific efforts or otherwise gives considera-

tion therefor, the principal may be found to have promised that he will not terminate the employment until the broker has had a reasonable time in which to find a customer." (Emphasis supplied.)

The variant from the general rule in this case is the existence of two specific items of consideration furnished by plaintiff broker, to which reference was made in the authorization agreement's recital of consideration, namely, plaintiff's assistance to de-fendants in preparation of that agreement and offer to sell and plaintiff's presentation thereof to the in-tended purchaser. With "the preoccupation of the Michigan Court with the question of consideration as it relates to a claim for commission under a con-tract to sell real estate," as stated in *Ladd,* it seems that the recital and acts of consideration present in this case require a holding for plaintiff under the meaning of the decision in *Ladd.* There are dis-tinguishing factual features between the two cases but, on the fundamental principle that a considera-tion flowing from the realtor to the owner supports a binding obligation on the part of the latter, they are the same.

"To the general rule of law that a principal may revoke the power of his agent or attorney at his mere pleasure or caprice, there is a well-defined exception to the effect that where an authority or power is coupled with an interest, *or where it is given for a valuable consideration,* or where it is part of a security, unless there is an express stipulation that it shall be revocable, it is, from its very nature and character, in contemplation of the law, irrevocable, whether it is expressed to be so on the face of the instrument conferring the power or not." 7 ALR 947, annotation. (Emphasis supplied.)

Discussion of other points considered in the briefs is unnecessary to decision here.

Reversed and remanded for entry of judgment for plaintiff as prayed.  Costs to plaintiff.

KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred with DETHMERS, C. J.

T. M. KAVANAGH, J., concurred in result.

BRENNAN, J., took no part in the decision of this case.