Contracts; breach; brokerage contract for sate of real estate; “retail” vs. “bump sale". — Plaintiff sues to recover damages for alleged breach of its contract which it urges gave it the exclusive right to sell for the Federal Housing Administration certain housing units which FHA had acquired through foreclosure proceedings. Plaintiff contends that while the Government reserved the right to offer all the properties covered by the contract as a lump sale in which event no sales commission would be due plaintiff, if, however, defendant elected to sell the properties at retail, as plaintiff *1302 alleges it did, it became obligated under the provisions of the brokerage contract to pay plaintiff a five per cent commission of the gross sales price received by the Government. Defendant contends that it did not offer the properties for sale at retail and did not sell them at retail but that, on the contrary it made four sales of the properties which disposed of all 44 buildings under what defendant insists was a lump or bulk sales program relieving defendant of any obligation to pay plaintiff a brokerage commission. The case came before the court on defendant’s motion for summary judgment and plaintiff’s opposition thereto. On March 10, 1967, the court ordered the parties to present revised briefs on the question of whether the sale of the properties was a “retail sale” or a “lump sale”. In an order dated June 13, 1967, the court decided that under the contract in suit, a “lump sale” would be a sale of all of the properties in a single transaction to a single purchaser; that a “retail sale” was not the usual obverse of a “wholesale sale”, but was a sale of the properties in several transactions; that since the Government sold the properties involved in this case in four separate parcels, the sale was one at “retail”, and since plaintiff had been given the “exclusive right” to sell the properties at “retail”, the contract had been breached and plaintiff is entitled to recover damages, citing restatement, agewcx 2d § 449 (c) ; Arthur H. Richland Co. v. Harper, 302 F. 2d 324 (5th Cir. 1962); and Ladd v. Teichman, 359 Mich. 587, 103 N.W. 2d 338 (1960). The court ordered that defendant’s motion to dismiss the petition be denied and the case remanded to the trial commissioner to determine any damages that plaintiff should recover. The court directed the commissioner to make findings on (1) the probability that plaintiff would have found a buyer but for the Government’s sale, (2) the expenses actually incurred by plaintiff in attempting to sell the properties, and (3) the expenses it would have incurred had the Government not interfered, but it stated that the trial commissioner was not limited to such findings and might make any others necessary to determine the extent of the plaintiff’s damages.