## STOFFER v. FRIEDMAN.

1. BROKERS—REVOCATION OF BROKERAGE AGREEMENT.

   An offer to pay a broker a commission is revocable if there is no corresponding agreement by the broker to perform definite services or give a specific consideration.

2. SAME—CONTRACTS—CONSIDERATION—EVIDENCE—BURDEN OF PROOF.

   The person seeking recovery on a brokerage contract that was revoked has the burden of showing that he rendered services before the revocation.

3. TRIAL—EVIDENCE—BURDEN OF PROOF.

   A plaintiff having the burden of showing by a preponderance of the evidence that a certain thing is true cannot be defeated in every instance by a conflicting story from defendant; the trial court remains in the best position to evaluate the demeanor and response of the parties.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Brokers § 32.
[2] 12 Am Jur 2d, Brokers § 248.
[3] 53 Am Jur, Trial § 1131 et seq.
[4] 12 Am Jur 2d, Brokers § 157 et seq.
[5] 5 Am Jur 2d, Appeal and Error § 726.

4. BROKERS—COMMISSIONS—REVOCATION OF LISTING AGREEMENT.
   Trial court's finding that plaintiff broker was entitled to an
   amount defendant property owners had admitted due plaintiff
   after the listing agreement was unilaterally revoked by de-
   fendant, rather than the full amount of commission called for
   by the agreement is not disturbed.

5. APPEAL AND ERROR—ISSUES NOT RAISED AT TRIAL.
   The validity of provision of broker's listing agreement stating
   it could not be revoked without the mutual consent of both
   parties is not discussed, as an appellate court will not resolve
   issues not brought out by either party in the trial court.

Appeal from Common Pleas Court of Detroit, Con-
nolly (John W.), J. Submitted Division 1 March 4,
1968, at Detroit. (Docket No. 3,560.) Decided May
29, 1968.

Declaration by Mary Stoffer against Benjamin J.
Friedman and Annie Friedman for money due on
real estate brokerage contract. Verdict and judg-
ment for plaintiff. Defendant appeals. Plaintiff
cross-appeals. Affirmed.

*Louis P. Andrzejewski*, for plaintiff.

*Friedman, Kraft & Beemer*, for defendants.

FITZGERALD, J. It is immediately apparent that
the recitation of the facts in this case varies accord-
ing to the briefs of the parties. Plaintiff-appellee
states that she was a saleswoman for Miller Brothers
Realty Company and that she received a listing for
90 days for the sale of defendants' home, dated
February 20, 1965. She claims that she took ap-
proximately 10 customers to see the home, including
a Mr. and Mrs. Anderson, sometime in March. The
defendant decided to sell the property to the Ander-
sons, allegedly on the next day, and they informed
plaintiff that she did not have to be present at the

closing of the deal because defendant Benjamin J. Friedman was an attorney and could handle the closing himself. However, the closing statement was dated May 12.

Defendant states that he sent a notice of revocation of the listing to Miller Brothers Realty, received by them on April 4, prior to placing his own "For Sale by Owner" sign on his lawn. According to the defendant, the husband of the plaintiff attempted to show the home to the Andersons on April 18th or 19th and not in the middle of March as stated by plaintiff, but he was reminded by defendant of the notice of revocation. Thereafter, the preliminary purchase agreement was made with the Andersons by the defendant and a $500 commission was included in writing for the broker, this provision being made without the knowledge of plaintiff. The defendant stated that he called Miller Brothers Realty and made this agreement as he was "trying to be decent about it." The provision for $500 did not appear in the final purchase agreement. The original stipulated selling price was $16,900 with a 6% commission to be paid to Miller Brothers Realty.

Suit was brought by plaintiff for the full commission and at the close of the trial, the court found plaintiff to be entitled to the previously provided-for $500, although it also found confusion in the facts as to exactly when the Andersons were first brought to the defendants' home. The reduction of the promise to pay, if any, into writing, and the admission by the defendant that such an agreement was made to "forestall any problems at a later date", was the basis for the decision of the court. Defendant appeals. Plaintiff cross-appeals, claiming she is not only entitled to the $500, but that she should receive the full commission agreed to by the parties. She claims she is entitled to 6% of $15,900 or $954.

The difference in the $16,900 selling price and the claimed base of $15,900 is unexplained.

The case of *Seelye* v. *Broad* (1966), 2 Mich App 177, clearly permits the seller to discharge his broker under the usual agreement. This follows from the rule common to agency law that an offer to pay a commission is revocable only if there is no corresponding agreement by the broker to perform definite services or give a specific consideration. The question remains whether the work performed before revocation is that which has produced a purchaser ready, willing, and able to buy the property at that time. If not, then the seller retains the power to terminate the offer of unilateral contract made to the plaintiff without paying a commission, unless the plaintiff has accepted the offer by providing the consideration of his efforts in producing a purchaser. This is the normal situation, and is unlike the situation in *Seelye* where the broker provided a specific consideration agreed to by the parties which prohibited the seller from revoking it during that time. See *Seelye* v. *Broad* (1967), 379 Mich 289, reversing the Court of Appeals decision and limiting the general rule where a specific consideration is bargained for.

It was apparent to the court that the plaintiff had done some work in procuring the buyer. This was reinforced by the defendants' inclusion of the $500 clause in the preliminary agreement. Being unsure of the actual date of the procurement of the Andersons by plaintiff, the court then limited plaintiff to the $500. The defendant correctly states that the plaintiff has the burden of showing by a preponderance of the evidence that she has procured a buyer prior to the revocation. See *Schostak* v. *First Liquidating Corporation* (1948), 320 Mich 406. Defendant believes that since the trial court could

not determine when the purchasers were brought over and who was telling the truth, that the plaintiff has failed to meet this burden. We cannot agree. When a plaintiff is faced with such a burden, he can obviously not be defeated at every instance by a conflicting story from the defendant. The trial court remains in the best position to evaluate the demeanor and response of the parties. We reproduce part of his decision:

"I think she went out and got the people, and even though she sent them over with somebody else, through her efforts she got the listing agreement. She is entitled to her commission."

Yet she recovered only the $500 provided by the defendant and the Andersons in the preliminary sales agreement. The court continued:

"Apparently there is some disagreement to when these people were brought over, and I am not sure when they were brought over. * * * But I think that you made an agreement with the brokerage company he would pay them $500 in any event; and they reduced it to writing, so it took it out of the statute. These people did do some work, and there was some consideration for it."

The plaintiff believes that she is entitled to the entire commission. She alleges that any attempt of the defendant and the purchaser to stipulate the commission of the plaintiff was done without her authority. We note that the trial court believed that the defendant had entered into some agreement of this type with the Miller Brothers Realty Company, said company being first entitled to the commission with subsequent assignment of it to the plaintiff. The confusion on this issue is best exemplified by our observation that the defendant testified on the trial that an agreement of this kind was

made with Miller Brothers Realty, but that on appeal it is stated in the brief of the defendant that the provision was entered *without* the knowledge of Miller Brothers Realty Company.

We agree with the trial court's finding that the plaintiff is entitled to at least, but not more than, the $500 admitted due plaintiff by the defendant in the preliminary sales agreement.

The original listing agreement stated that it could not be revoked without the mutual consent of both parties. The validity of this contractual provision as between the parties cannot be resolved by this Court on appeal as the issue was not brought out at the trial by either party.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and BURNS, J., concurred.