**KUYKENDALL REAL ESTATE COMPA- NY, a co-partnership composed of Rus- sell Kuykendall and Robert Kuykendall of Enid, Oklahoma**

v.

**The UNITED STATES.**

No. 59-66.

United States Court of Claims.

Oct. 18, 1968.

Frank Carter, Enid, Okl., attorney of record, for plaintiff. Otjen, Carter & Huddleston, Enid, Okl., of counsel.

Katherine H. Johnson, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COL- LINS, SKELTON, and NICHOLS, Judg- es.

OPINION

PER CURIAM:

This case was referred to Chief Trial Commissioner Marion T. Bennett with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 57(a). The Commissioner has done so in an opinion and report filed on May 15, 1968. On June 13, 1968, defendant filed a notice of intention to except to the Commissioner's report which, under date of July 9, 1968, the defendant withdrew with the statement that it has no objec- tion to the entry of judgment for plain- tiff in the amount determined by the Commissioner. Plaintiff has filed no exception to the Commissioner's opinion, findings, and recommended conclusion of law and the time for so filing has ex- pired in accordance with the rules of the court. Since the court agrees with the Commissioner's opinion, findings, and recommended conclusion of law, as here- inafter set forth, it hereby adopts the same as the basis for its judgment in this case without oral argument. There-

fore, plaintiff is entitled to recover and judgment is entered for plaintiff in the sum of $20,950.

## OPINION OF COMMISSIONER

BENNETT, Chief Commissioner:

Plaintiff, a real estate brokerage firm in Enid, Oklahoma, brought an action for breach of a contract entered into in 1962 with the Federal Housing Administration (FHA) in which plaintiff was granted "the exclusive right to sell" at retail 44 FHA-owned houses in Enid.

In an order of June 13, 1967, 180 Ct. Cl. 1301, the court, in dismissing defendant's motion for summary judgment, held the defendant liable for the breach because the FHA sold the houses in four parcels, which was deemed to be a retail sale, violating plaintiff's exclusive right to sell at retail. Defendant had reserved in the contract only the right to dispose of the properties in a lump sale. The court remanded the case to the commissioner for a determination of damages.

Article 1(a) (2) of the contract provided that plaintiff was to receive "5% of the gross sales prices received by the Government," as a commission for retail sales. Plaintiff seeks as damages 5 percent of the $419,000 which the FHA received from the sales which constituted the breach.

The usual measure of damages in this type of case is the commission which would have been received had the breach not occurred. Albright v. Kalbitzer, 62 F.Supp. 815 (E.D.Pa.1945); Ladd v. Teichman, 359 Mich. 587, 103 N.W.2d 338 (1960); Bell v. Dimmerling, 149 Ohio St. 165, 78 N.E.2d 49 (1948); Carter v. Hall, 191 Ky. 75, 229 S.W. 132 (1921); Holmes v. Holik, 238 S.W.2d 260 (Tex.Civ.App.1951).

For plaintiff to recover its commission in this type of case, it must be shown that plaintiff substantially performed its part of the contract by making a reasonable effort to effect a sale. Ladd v. Teichman, supra. Plaintiff does not have to show that it would have made a sale, but only that a sale reasonably might have been made. Hollweg v. Schaefer Brokerage Co., 197 F. 689 (6th Cir. 1912).

[3] It is uncontradicted here that plaintiff presented two firm offers to the FHA, and continued to attempt to secure offers for nearly 2 years from the effective date of the contract. During this period plaintiff's efforts were substantially hindered by FHA's requirement that plaintiff begin individual sales with the unit on the west end of the project, a unit which plaintiff considered to be undesirable and one in which it could not interest prospective purchasers even though a continuous effort was made. Based upon plaintiff's success in later selling property identical to that involved in the contract, as well as reselling part of this project after the FHA sale, it is reasonable to conclude that plaintiff would have been successful had the FHA not hindered plaintiff and then breached the contract. The record clearly shows that plaintiff made a strong effort to carry out its part of the contract. Defendant sold the properties at retail at prices less than it had authorized plaintiff to sell them.

Defendant urges that the proper measure of damages is the commission less expenses plaintiff would have incurred. These expenses are not established by the evidence. However, in this case plaintiff incurred expenses, also not established as to amount, before the breach. They would have been absorbed by the commission plaintiff would have been entitled to if defendant had not breached. Plaintiff does not claim these expenses. See Albright v. Kalbitzer, supra 62 F.Supp. at 822. Plaintiff is entitled to judgment for 5 percent of the $419,000 received by defendant, or $20,950.