JOSEPH J. GARIBALDI, RESPONDENT, v. IRWIN RUBEN-
STEIN, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

1. It is a well-settled rule of practice in the trial of civil causes
   that the questions submitted to the jury should be within the
   issues raised by the pleadings. It is error for a trial court to
   submit to the jury questions which are not within the issues
   raised by the pleadings and which are not fully and fairly tried
   out in the case.

2. The rule that the measure of damages for the breach of a con-
   tract is that sum which will compensate the plaintiff for the loss
   —such as may fairly and reasonably be considered as arising
   naturally from the breach—applied to the breach of an authori-
   zation to sell real estate, containing a clause giving a sole and
   exclusive right to sell the same, for the term of one month.

On appeal from the Hudson County Circuit Court.

For the appellant, *J. Emil Walscheid.*

For the respondent, *Morris Umansky* and *Julius Lichten-
stein.*

The opinion of the court was delivered by

BLACK, J.   The suit in this case was instituted to recover
a three and one-half per cent. commission by a broker upon
the selling price of real estate, amounting to $1,925.

The basis of the claim, as alleged in the complaint, is an
agreement in writing dated July 20th, 1922, authorizing the
plaintiff to sell the premises and agreeing to pay three and
one-half per cent. commission on the purchase price upon
procuring a purchaser, and also agreeing "to give [the
plaintiff] sole and exclusive right to sell the above premiess
for the term of one month." This writing was signed by
the defendant, who was one of the owners of the premises,
as a tenant in common with Morris Miller.  An agreement
in writing to sell the same premises was made and signed
by Miller and Rubenstein on the 28th day of July, 1922,

with William J. Duffy, through another broker, title to pass on or before the 1st day of September, 1922. The deed, however, was not actually delivered until October 3d, 1922.

The trial resulted in a verdict and judgment for the plaintiff for the full amount claimed, *i. e.,* upon the basis of a three and one-half per cent. commission upon the selling price of the property.

Various exceptions to the rulings and charge of the trial judge were noted as grounds of appeal during the trial. In the view that we take of the case, one exception only need be discussed, viz., exception to the judge's charge to the jury, in which he said: "If you find that the principal [*i. e.,* the defendant] deliberately absented himself, so that the broker had no means of meeting such principal in order to conclude the transaction involved in this case," &c.  *  *  *  "If the absence of the defendant in Europe did not prevent the plaintiff from completing the terms of his contract in finding a purchaser," &c.

This we think is error injurious to the defendant, for which the judgment must be reversed. The record shows the defendant was in Europe between August 5th and September 18th, 1922. This evidence was offered by the plaintiff. The issue thus submitted to the jury was not within the pleadings. It was not within the issue framed. It was not fairly or fully tried out in the case.

It is a well-settled rule of practice in the trial of civil cases that the questions submitted to the jury should be within the issues raised and framed by the pleadings.

It is error to submit to a jury questions which are not within the issues raised by the pleadings. *Excelsior Electric Co.* v. *Sweet,* 59 *N. J. L.* 441.

This, it is said, is a cardinal rule, for the control of a trial court, applied and illustrated in many cases in our reports. *Merklinger* v. *Lambert,* 76 *N. J. L.* 806, 814; *Partridge* v. *Woodland Steamboat Co.,* 66 *Id.* 290; *Reaney* v. *Central Railroad Co.,* 89 *Id.* 282; *Duel* v. *Mansfield Plumbing Co.,* 86 *Id.* 582, 585; *Bierman* v. *Stiefel,* 82 *Id.* 658, 661; *Murphy* v. *North Jersey Street Railway Co.,* 71 *Id.* 5.

As this leads to a reversal and a new trial, it will not be amiss to say, we also think, the basis for estimating damages submitted by the trial court to the jury was erroneous, viz., three and one-half per cent. on the sale price of the property with interest from the 20th of August, 1922, the date at which the time for making a sale in the agreement of July 20th, 1922, expired.

The record shows that the plaintiff did not produce a person at any time who was willing to pay the price mentioned for the property, or a sum acceptable to the defendant. He did not know of the agreement made by Miller and Rubenstein on the 28th of July, 1922, until after the 20th of August, 1922, the time limit of his authorization with the defendant. It is true. however, that the plaintiff advertised the property. His salesman, Louis B. Stern, took several persons to look at the property. He listed it and he spoke to his salesmen in the office about it, but there is no evidence that the plaintiff ever produced a purchaser for the property, or that the defendant prevented him from procuring an acceptable purchaser. We think the plaintiff is limited in damages to the loss sustained. The rule stated in the books for a recovery of damages for a breach of contract, illustrated by many cases, is, the measure of damages in the case of a breach of a contract is the amount which will compensate the plaintiff for the loss which a fulfillment of the contract would have prevented or the breach of it had entailed. 17 *C. J.* 847, ¶ 168.

The damage which actually results from the breach and which will compensate the plaintiff for the injury sustained (13 *Cyc.* 156, ¶ *D*), such as may fairly and reasonably be considered as arising naturally from the breach. 13 *Cyc.* 33, ¶ 3; 8 *R. C. L.* 451, ¶ 22. This is not unlike the rule for the measure of damages provided for in the Sale of Goods act. 4 *Comp. Stat.,* p. 4662, ¶ 62; (2) p. 4663, ¶¶ 67 and 69; *Berg* v. *Rapid Motor Vehicle Co.,* 78 *N. J. L.* 724, 728.

The judgment under review should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Tren-chard, Parker, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk, JJ.    11.