EDWARD H. JONES, TRADING AS JONES, THE LAND MAN, PLAINTIFF-APPELLEE, v. HARRY HOLLANDER, DEFENDANT-APPELLANT.

Submitted May 15, 1925—Decided October 6, 1925.

Sale of Real Estate—Agent's Commissions—Exclusive Limited Contract—During Term of Limit Owner Exchanged Property at a Stipulated Valuation—Agent Can Recover On An Exclusive Agreement If He Has Performed His Part as Agent, Though He Did Not Make the Actual Sale—Claim That He Can Only Recover on Quantum Not Sustained—Transaction in This Case Was "Sale," the Property Having Been Put in at a Stipulated Price.

On defendant's appeal from District Court of Jersey City.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, Dembe & Dembe.

For the appellee, Benny & Cruden.

PER CURIAM.

This was a suit by a real estate broker for commissions. The authority was in writing, and signed by the defendant. The material part of it reads as follows:

"I hereby appoint Jones, 'The Land Man,' my agent to sell my property as below described, and I agree to pay him an amount equal to three and one-half per cent. commission on the selling price I receive on the sale of said property. And I further agree to give him the exclusive right to sell said property for the term of ninety days. It being understood and agreed that the above-named agent shall be paid the full amount of said commission if said property is sold during the term of this agreement."

Following this were the particulars respecting the property and other terms, &c. It appears that the plaintiff advertised the property, brought purchasers to look at it and

made the usual efforts of a broker to secure a purchaser, but had not succeeded in bringing owner and purchaser together up to the time when the owner made a trade which included this property with a party not produced by the plaintiff. This trade was made during the term of exclusive agency provided in the written authority as above. The state of the case, as settled by the trial judge, says that the defendant exchanged the property, and that two of the three houses, including number 175, which are the premises in question, were conveyed under this contract at a price fixed upon of $31,500 for the two. The trial court held the plaintiff entitled to recover its commission, and the defendant appeals.

The defendant moved to nonsuit, and for a judgment on several grounds, which will be now considered.

First. That as the plaintiff did not make a sale, he is not entitled to recover any commission. But, as already pointed out, the agency was exclusive, and the rule, as we understand it, is that if, during the period of exclusive agency, the owner himself or any other agent makes a sale of the property, the exclusive broker is entitled to his commission, even though he had not made the sale. *Dresser* v. *Gilbert,* 81 *N. J. L.* 358.

The second point made is that, in any event, the plaintiff was limited to the actual loss sustained. But the difficulty about this point is that it does not go either to a nonsuit or to a judgment for the defendant, but merely to the *quantum* of recovery. The case of *Garibaldi* v. *Rubenstein,* 1 *N. J. Adv. R.* 1342, is relied on, but we think is distinguishable, in that in the present case there is an express agreement to pay commission if there is a sale. See *Stevenson* v. *Oppenheim,* 91 *N. J. L.* 479, and cases cited.

The third point is that there was no consideration for the contract in question. We think there is nothing in this point. The consideration is the agreement of the broker to try to obtain a purchaser and his actual efforts in that regard, including the expense of advertising. See *Burt* v. *Brownstone Realty Co.,* 95 *N. J. L.* 457 (at *p.* 461).

The next point is that the disposition of the property made by the owner was not a sale but an exchange, relying on

*Haber* v. *Goldberg,* 92 *N. J. L.* 367. That case, however, seems to be an authority for the proposition that the transaction in this case was a sale. The contract of so-called exchange does not seem to have been put in evidence. At all events, it is not in the printed case; but we have the facts that there was a trade, and that number 175 and the property next door were put in at a stipulated valuation as against some other properties, no doubt at a similar valuation. Under the reasoning in Haber *v.* Goldberg, the transaction under these circumstances was a sale.

The judgment is affirmed.