149 N.J. Super. 138 (1977)
373 A.2d 431
PHILIP GUBER, PLAINTIFF-RESPONDENT,
v.
WALTER PETERS AND HELEN PETERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1977.
Decided March 28, 1977.
*139 Before Judges CARTON, KOLE and LARNER.
*140 Mr. Morris M. Schnitzer argued the cause for appellants (Messrs. Schnitzer and Schnitzer, attorneys; Mr. Morris M. Schnitzer, of counsel and on the brief).
Mr. Edwin H. Helfant argued the cause for respondent.
The opinion of the court was delivered by KOLE, J.A.D.
There was sufficient credible evidence before the court below to sustain its finding that under the agreement between defendants and plaintiff broker, plaintiff was granted an exclusive right to sell defendants' motel property for a period of six months and that any sale during the period, whether by plaintiff, another broker or by defendants, would entitle plaintiff to compensation. Indeed, under the pretrial order and the proofs defendants never seriously disputed this fact.
In defendants' contentions in the pretrial order they merely claimed that plaintiff had breached his fiduciary duties to defendants, including the obligation of absolute loyalty to them, and that plaintiff performed no services of value in connection with obtaining a purchaser. The trial judge found to the contrary on these issues. There is no basis in the proofs to disturb that finding.
Two questions remain: (1) defendants' right to a jury trial and (2) the proper measure of damages under the brokerage contract.
By proceeding to a hearing before the Chancery Division judge without continuing to press the demand for a jury trial asserted in their answer and amended answer, defendants waived their right to trial by jury. We note that even in the contentions set forth in the pretrial order, defendants did not expressly reserve the right to jury trial, but rather merely stated that the case is "a matter for the law division and should not be in general equity." Under these circumstances, after the matter has been determined on the merits by the judge alone, defendants may not claim that they were deprived of their right to trial by jury.
*141 The judgment awarded plaintiff the sum of $53,125 as commissions. That sum represents 10% of the purchase price of the sale of the motel by defendants to their purchasers, Keena. Notwithstanding defendants' unsuccessful endeavor to have plaintiff terminate the exclusive contract prior to the sale to Keena, we are satisfied that the appropriate measure of damages under the contract was that set forth therein, namely 10% of that purchase price.
At no time during the proceedings below did defendants contest the fact that they were liable to plaintiff for 10% of the purchase price in the sale to Keena as the amount due under the brokerage contract if they were found to have violated it. They now assert for the first time on appeal that plaintiff broker may only recover his actual damages flowing from the breach of contract. We need not consider an issue such as this not presented to the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, we deem it appropriate to do so by reason of defendants' reliance upon the Law Division opinion of Barry Norman Agency, Inc. v. Elias, 117 N.J. Super. 480 (Law Div. 1971).
The Barry Norman case may be distinguished on its facts. There the broker did nothing toward performance of his exclusive sales agreement with an owner who had little or no understanding of the import of the brokerage contract. Under these circumstances, since the broker's services were terminated by the owner ten days after he was retained and at a time when he did nothing in furtherance of his undertaking, the court's judgment for the owner may be said to have been warranted.
Despite this factual basis for the result in Barry Norman, supra, the court nevertheless proceeded to express the following general principle of law with respect to damages involving the violation by a seller of an agreement granting a broker the exclusive right to sell:
[T]he broker is only entitled to damages for breach of contract rather than for the commission claimed under the contract * * *
*142 The broker's remedy for wrongful revocation by the seller is an election between considering the contract rescinded and suing for actual damages and such profit as he can establish would have been his but for the revocation, or proceeding and, upon success in performing the contract, recovering the agreed compensation. [at 484-485]
We do not agree that the principle thus expressed is the appropriate measure of damages for a breach of that type of brokerage contract where, as here, both parties are aware of the nature and effect of the contract. We note that in the present case one of the defendants was a licensed real estate salesperson who was cognizant of the full import of the contract executed with plaintiff. The trial judge properly concluded that plaintiff made substantial bona fide efforts through advertising and producing prospective purchasers to justify an award of the contractual commission predicated on the sales price obtained by the owners' direct sale. That represented the proper measure of damages reasonably calculated to compensate the broker in this case for the benefit of his bargain frustrated by the owners' wrongful act. See Post v. Gerson Bacher, Torrid K-9, Inc., 48 N.J. Super. 518, 522 (App. Div. 1957); Jones v. Hollander, 3 N.J. Misc. 973, 130 A. 451 (Sup. Ct. 1925). See also, Thompson Realty Co. v. Hoagland, 100 N.J. Super. 478, 484 (App. Div. 1968); Rose v. Minis, 41 N.J. Super. 538, 544 (App. Div. 1956). Compare Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967); Harris v. Perl, 41 N.J. 455, 464-465 (1964); Brenner and Co. v. Perl, 72 N.J. Super. 160, 166-167 (App. Div. 1962).[1]
*143 The terse expression of Chief Justice Weintraub in Harris v. Perl, supra, 41 N.J. at 465 is particularly appropriate here:
The question is whether a wrongdoer should be permitted to avoid real damages by raising an issue made hypothetical by his very wrong. We think he should not.
Affirmed.
NOTES
[1] We note that in its statement as to the measure of damages the court in Barry Norman Agency, supra, relied on dictum in Garibaldi v. Rubenstein, 99 N.J.L. 223, 225 (E. & A. 1923). It is not too clear whether Garibaldi involved an exclusive right to sell. In any event, unlike Garibaldi, in the present case the parties considered the contract as one requiring the payment of the 10% commission if there was a sale by the owner. See Jones v. Hollander, supra, 3 N.J. Misc. at 974, 130 A. 451. Moreover, in contrast to Garibaldi, here plaintiffs did produce a purchaser for the property, although at a price some $15,000 less than that involved in the sale to Keena and substantially less than that set forth in the brokerage contract. Additionally, the price fixed in the brokerage contract was subject to a reduction by agreement between the owner and the purchaser. Since the statement as to the measure of damages in Garibaldi is dictum, we do not consider it controlling in the context of this case.