**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2118-24

TWIN RIVERS HOMEOWNERS'
ASSOCIATION, as Trustee for
the Twin Rivers Community
Trust, a non-profit corporation of
the State of New Jersey,

     Plaintiff-Respondent,

v.

BRUCE HARVEY,

     Defendant-Appellant.

_____

Submitted March 19, 2026 – Decided April 9, 2026

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DC-008988-24.

Bruce Harvey, self-represented appellant.

Shane & White, LLC, attorneys for respondent (Mark S. Shane, of counsel and on the brief).

PER CURIAM

Defendant Bruce Harvey appeals from the trial court's February 24, 2025 order entering judgment in favor of plaintiff Twin Rivers Homeowners' Association against defendant in the amount of $6,912.72 plus costs.  We affirm as modified and remand for entry of a corrected order of judgment for the reasons expressed in this opinion.

I.

Twin Rivers is a planned unit development that was established in the Township of East Windsor in 1969.  It is comprised of over 2,700 residential units, all of which are subject to a Declaration of Restrictions and Reservation of Easements (Declaration), which establishes in pertinent part, the following:

> AUTOMATIC MEMBERSHIP IN THE TWIN RIVERS HOMEOWNER'S ASSOCIATION[.]  Every person or entity who is a record owner of a fee or undivided interest in any lot or living unit which is subject to the Twin Rivers Community Trust filed in the Mercer County Clerk's Office . . . shall be deemed to be automatically a member of the Twin Rivers Homeowner's Association. . . .  Membership shall be pertinent to and may not be separated from the ownership of any lot or living unit which is subject to assessment by the Twin Rivers Community Trust. Ownership of such lot or living unit shall be the sole qualification for membership.
>
> . . . .

. . . GENERAL UTILITY EASEMENT. The [d]eclarant[1] herein hereby reserves a perpetual general easement for the installation and maintenance of electric service, cable TV service, telephone service, sewer, water, gas[,] and drainage facilities for the benefit of the adjoining lot owners and/or the municipality and/or municipal or private utility companies ultimately operating such facilities as stated above, said general easement to be located over each and every lot to extend from the general service easement located in the open spaces adjoining each and every lot to the front or rear line of each building erected or to be erected in the future on each lot, provided, however, that no such easement shall at any time be constructed to run under or through any building erected on any lot.

. . . EASEMENT FOR MAINTENANCE. The [d]eclarant herein hereby reserves a perpetual general [e]asement to enter upon the properties covered by this Declaration upon reasonable notice and at reasonable times for the purpose of maintaining the properties constructed on said premises, including maintenance of lawns and shrubbery. Declarant shall have the right to convey this easement to the Twin Rivers Community Trust or to any homeowner's association formed to maintain the common areas of the Twin Rivers project.

The Declaration also provides the restrictive covenants and easements shall be binding upon the residences located within Twin Rivers. Additionally, plaintiff is empowered to request "appropriate charges" for the maintenance

---

[1] The Association's Bylaws provide the term "'[d]eclarant' shall mean and refer to [the] Twin Rivers Holding Corporation, its successors[,] and assigns."

A-2118-24

services it provides in accordance with the Declaration, as well as interest on late payments, and "extra expenses," such as attorney's fees. The Declaration, as well as other governing documents, were recorded with the Mercer County Clerk's Office.

In 1997, defendant took title to a property within the Twin Rivers development. The deed contained a provision stating defendant was taking title "SUBJECT to easements, grants[,] and restrictions of record, if any."

Plaintiff maintained defendant's property in accordance with the Declaration and charged defendant monthly maintenance fees for doing so. However, since approximately June 2011, defendant did not consistently pay his monthly maintenance fees in a timely manner, which resulted in the accrual of late fees and legal fees totaling $6,830.72.

In November 2024, plaintiff filed a complaint against defendant to recover these fees. Defendant requested a jury trial in his answer to plaintiff's complaint and in his Civil Case Information Sheet (CIS). However, a bench trial was subsequently scheduled for February 2025.

Prior to trial, the court was advised the parties were unable to settle the case. Thereafter, the court engaged in the following colloquy with the parties:

> THE COURT:     . . . [Are there a]ny pretrial issues to go over before we get started?

[DEFENDANT]: No, Your Honor.

        . . . .

THE COURT: All right. . . . [T]he way this will go is . . . [plaintiff's attorney] will ask questions of his witness[es] first. And then if [defendant] ha[s] follow-up questions, [defendant] can ask follow-up questions of the witness[es].

        . . . .

        Once . . . [p]laintiff is done with [its] case, [defendant will] have [his] turn. . . .

        . . . [I]f [defendant] testif[ies], [plaintiff's attorney] gets to ask [defendant] questions. . . .

        . . . .

        When the parties are done presenting their case, . . . the [c]ourt will give a decision . . . .

        . . . .

        [A]ny questions about the process?

[DEFENDANT]: No, Your Honor.

THE COURT: All right. Any objections to the process?

[DEFENDANT]: No, Your Honor.

[(Emphasis added).]

5

The court subsequently conducted a trial, rendered an oral decision, and entered judgment in favor of plaintiff and against defendant for $6,912.72 plus costs.[2]

## II.

On appeal, defendant argues the trial court erred by proceeding with a bench trial rather than a jury trial. He further asserts the term "easements," as written in his deed, is "vague," and therefore cannot be used to specify plaintiff as the holder of any easements on his property. These arguments were not raised before the trial court.

"Generally, an appellate court will not consider issues, even constitutional ones, which were not raised [before the trial court]." State v. Galicia, 210 N.J. 364, 383 (2012). Appellate courts do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). This appeal involves neither an issue

---

[2] In its brief, plaintiff explains it "made an inadvertent mathematical error by double-counting the $82[ in] court costs as part of the amount of the judgment requested at trial." Plaintiff states the $82 was already included within the $6,830.72 claimed in its complaint and requests that we reduce the judgment amount from $6,912.72 to $6,830.72.

regarding jurisdiction nor a matter of great public importance warranting departure from this general rule. Accordingly, we decline to address defendant's vagueness argument regarding the term "easements." However, we briefly address defendant's argument he was improperly denied a jury trial.

We apply the plain error standard of Rule 2:10-2 to address an issue not properly raised at trial or preserved for appeal. Under this standard, we ask whether the error was "clearly capable of producing an unjust result." State v. Singh, 245 N.J. 1, 13 (2021) (quoting R. 2:10-2). "The mere possibility of an unjust result is not enough." State v. Funderburg, 225 N.J. 66, 79 (2016). "Relief under the plain error rule, Rule 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (citation reformatted) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

"In interpreting a statute or the Constitution, our review is de novo. As such, we owe no deference to the interpretive conclusions of the trial court . . . ." Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 139 (2015) (citation omitted).

"Article I, Paragraph 9 of the . . . New Jersey Constitution provides that '[t]he right of trial by jury shall remain inviolate.' This provision guarantees the right to trial by jury as it existed at common law at the time of the adoption of

the New Jersey Constitution." In re Env't Ins. Declaratory Judgment Actions, 149 N.J. 278, 291 (1997) (alteration in original) (citation omitted).  Therefore, "the right to a trial by jury in New Jersey must arise under either a statute or the state constitution." Id. at 292.

However, constitutional rights, such as the right to a jury trial, "may be waived." LaManna v. Proformance Ins. Co., 184 N.J. 214, 223 (2005); see also Petrolia v. Est. of Nova, 284 N.J. Super. 585, 590 (App. Div. 1995).  Under Rule 1:8-1(b), "[i]ssues in civil actions triable of right by a jury shall be so tried only if a jury trial is demanded by a party in accordance with . . . Rule 6:5-3 . . . and is not thereafter waived."  (Emphasis added) (citation reformatted).  Rule 6:5-3 provides:

> (a)    How Demanded.  In actions commenced in the Special Civil Part a written demand for trial by jury shall be filed with the clerk at the principal location of the court and served upon opposing parties not later than [ten] days after the time provided for the defendant to answer . . . .

Even if a litigant requests a jury trial in accordance with the above Rules, the right to a trial by jury may nevertheless be waived by subsequent conduct. See Guber v. Peters, 149 N.J. Super. 138, 140 (App. Div. 1977); see also Van Note-Harvey Assocs., P.C. v. Twp. of East Hanover, 175 N.J. 535, 541 (2003). In Guber, for example, we held the "defendants waived their right to trial by

jury" by failing to press for a jury at the time of trial, even though they had demanded a jury trial in their answer. 149 N.J. Super. at 140. We further noted, "after the matter ha[d] been determined on the merits by the judge alone, [the] defendants may not claim that they were deprived of their right to trial by jury." Ibid.

We conclude the trial court did not err by conducting a bench trial rather than a jury trial. Defendant could have renewed his request for a jury trial prior to the trial but failed to do so. The court explained how it would proceed with the trial, specifically noting the court—not a jury—would render a decision following the parties' presentations of their cases. Defendant did not object at that juncture, despite the fact no jury was empaneled. Moreover, even after closing arguments, when the court indicated it would render its decision, defendant, again, did not object to the absence of a jury and did not object to the court issuing its decision. A party cannot sit by idly and participate in a bench trial and later complain they were denied a jury trial. Defendant's conduct therefore constituted a waiver of his right to proceed with a jury trial. Accordingly, there was no plain error warranting a reversal.

Lastly, we "may exercise . . . original jurisdiction as is necessary to the complete determination of any matter on review." R. 2:10-5. Given plaintiff's

A-2118-24

acknowledgement the damages award was based on a miscalculation, we reduce the judgment to $6,830.72 to correct plaintiff's mathematical error of double-counting the $82 in court costs and remand for the trial court to enter an amended order.

To the extent we have not specifically addressed any remaining arguments defendant raised, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed as modified and remanded for the entry of an amended order of judgment consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2118-24